**In re Henry Thomas HONOSKY, Debtor.**

**Sandra L. JESSIE, Plaintiff,**

v.

**Henry Thomas HONOSKY, Defendant.**

**Bankruptcy No. 80–10115.**
**Adv.No. 80–0146.**

United States Bankruptcy Court,
S. D. West Virginia.

Oct. 23, 1980.

Robert Browning, Jr., for plaintiff, Sandra L. Jessie.

Abishi C. Cunningham, Welch, W. Va., for defendant, Henry Thomas Honosky.

## MEMORANDUM OF OPINION

EDWIN F. FLOWERS, Bankruptcy Judge.

The Plaintiff seeks a lifting of the automatic stay imposed by 11 U.S.C. § 362(a) so that she may prosecute a law suit now pending in the Circuit Court of McDowell County against the Debtor. The suit was instituted on January 21, 1980, to recover damages allegedly incurred when the Debtor's coal truck struck the Plaintiff's automobile. The Debtor subsequently filed his bankruptcy petition on July 10, 1980, and the automatic stay of 11 U.S.C. § 362(a) was invoked.

A hearing on the complaint to lift the stay was held on September 19, 1980, at which time the parties presented evidence to support their positions. The hearing was regarded as the final hearing upon the representation by counsel that they had no further evidence to present at any future time.

The Plaintiff presented evidence establishing that Nationwide Mutual Insurance Company, the Debtor's insurer, hired counsel to represent the Debtor in the circuit court suit and that the Debtor's insurance coverage for bodily injury is $100,000/$300,000. The Plaintiff asserts that the stay should be lifted to permit her to proceed in the circuit court against the Debtor to the extent of the liability insurance coverage. She contends that the Debtor's bankruptcy estate will not be damaged in the event of an adverse judgment against the Debtor because of the insurance coverage and, since the insurance company is required to defend the Debtor, the estate will not be subject to claims for attorney fees.

Conversely, the Debtor objects to a lifting of the stay since there has been no allegation of grounds in the circuit court suit or claim in Bankruptcy Court that this debt is excepted from discharge. If not excepted from discharge, then the injunctive force of section 524(a)(2) of the Bankruptcy Code will bar all further action on the debt.

The discharge of this chapter 7 debtor is governed by 11 U.S.C. § 727(b), which provides that:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter ... whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

■ Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." To be so excepted, the creditor, in this instance the Plaintiff, must request the Bankruptcy Court to make that determination. Section 523(c) provides:

> [T]he debtor shall be discharged from a debt specified in paragraph ... (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (6), ... of subsection (a) of this section.

Rule 409(d) of the Rules of Bankruptcy Procedure, made applicable under 28 U.S.C. § 2075 (as amended by section 247 of the Bankruptcy Reform Act of 1978), requires that such request be made in the form of a complaint. By order dated August 1, 1980, the last day for filing a complaint in this case to determine the dischargeability of a debt under section 523(c) was fixed as September 15, 1980. That date having passed, the Plaintiff now is precluded from filing such a complaint. Rule 409(a).

Even though the Plaintiff is barred from seeking a determination of the nondischargeable character of the debt, that is not the relief which the Plaintiff here seeks. She asks not that the debt survive the bankruptcy as a continuing personal liability of the Debtor, but only that she be permitted to have the liability judicially determined without cost to the Debtor or threat to the Debtor's discharge.

Section 362(a), unless modified by this Court, prevents such a judicial determination in the circuit court. It provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, ... of a judicial ... or other proceeding against the debtor ....

■ The scope of the stay, without doubt, covers the circuit court suit. Congress explained that:

> The scope of the paragraph [subsection (a)] is broad. All proceedings are stayed, including ... judicial proceedings. Proceeding in this sense encompasses *civil actions* as well, and all proceedings even if they are not before governmental tribunals. [N.R.Rep.No.95–595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787] [Emphasis added].

However, Congress recognized that in some instances the stay against judicial proceedings should be lifted:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. [*Id.* at 341; S.Rep. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978 at 5836].

The Plaintiff's evidence, unrefuted by the Debtor, discloses that the Debtor has liability insurance coverage of $100,000/$300,000, and that the insurance company has hired counsel to represent the Debtor. The Debtor did not refute the Plaintiff's assertion that the insurance company would absorb the costs of his defense against the civil suit. The Debtor has produced no showing that the continuation of the civil suit would result in great prejudice to either the bankruptcy estate or to himself. In a case decided under the Bankruptcy Act, the burden of proving prejudice to the estate was placed on the debtor and the trustee. In the absence of such a showing the debtor was not entitled to an injunction against the civil suit. *See Foust v. Munson Steamship Lines*, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936).

*Collier on Bankruptcy* proposes that a debtor's insurance coverage can affect the decision to lift or modify the automatic stay:

> Lack of adequate protection and lack of equity are not the sole grounds for relief from the stay.... Where the claim is one covered by insurance or indemnity, continuation of the [civil] action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff. [2 *Collier on Bankruptcy* § 362.07[3] at 362–49 (15th ed. 1979)].

*Collier* cites several cases decided under the Bankruptcy Act, including *Foust v. Munson Steamship Lines, supra*, which considered the effect of insurance coverage on decisions to permit civil suits to proceed outside the bankruptcy court. *In re Adolf Gobel, Inc.*, 89 F.2d 171, 172 (2d Cir. 1937), contains the following language:

> [W]e are convinced that the exercise of sound discretion required permitting the appellant to liquidate his claim in his pending action at law since that will preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment and there is no good reason to believe that by so doing any unreasonable hindrance or delay will result ....

Similarly, *In re Gerstenzang*, 52 F.2d 863 (S.D.N.Y.1931), contains the following statement: "Where a creditor's rights against a surety are contingent upon recovery of a judgment against the bankrupt, permission to prosecute suit in the state courts to this extent is frequently given." 52 F.2d at 864. This is especially significant in jurisdictions which do not permit suit directly against the insurer. West Virginia is such a state. *United Dispatch v. Albrecht Co.*, 135 W.Va. 34, 62 S.E.2d 289 (1950); *Criss v. United States Fidelity & Guaranty Co.*, 105 W.Va. 380, 142 S.E. 849 (1928).

Thus, were this Court not to lift the stay to permit the Plaintiff to proceed against the Debtor, she would be effectively precluded from any recovery for her alleged injuries. The choice is between lifting the stay to permit the civil action to proceed or to simply allow the unliquidated claim to be discharged. The Court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies. The cases referred to above, although decided under the Bankruptcy Act, demonstrate judicial recognition of the equity of permitting a civil suit to proceed against one covered by insurance where the bankruptcy estate is in no way harmed.

The injunctive provisions of the Code which enforce the discharge seem to accommodate this result. Section 524(a) provides:

> A discharge in a case under this title—
> (2) operates as an injunction against the commencement or continuation of an ac-

tion ... to collect, recover or offset any such debt *as a personal liability of the debtor, or from property of the debtor* .... [Emphasis added].

No property of the Debtor will be put in jeopardy. If there is a liability of the Debtor, it is "personal" only to the extent necessary to sustain the recovery against the insurer.

Thus, though the liability to the Plaintiff is dischargeable in bankruptcy, the automatic stay will be modified to permit the Plaintiff to proceed with her suit in the Circuit Court of McDowell County to the extent of the Debtor's insurance coverage. The Plaintiff may not take any step toward collecting any judgment personally from the Debtor, however, nor may the issue of dischargeability be raised in another court. An order so modifying the stay will be entered.