In the Matter of Gerald P.
McGRAW, Debtor.

Bankruptcy No. MM7–80–01740.

United States Bankruptcy Court,
W. D. Wisconsin.

Feb. 25, 1982.

William J. Rameker, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for debtor.

John R. DeWitt, Easton & Harms, S.C., Madison, Wis., for Joyce Mattimore Lawson, United Bank and Trust Co. of Madison, and Wisconsin Physicians Service.

Frederick H. Miller, Gavin, Miller & Rothstein, Madison, Wis., for Doug Mattimore, Donna Mattimore and Gail Mattimore.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Debtor, Gerald P. McGraw, filed a chapter 7 petition on November 14, 1980. Subsequently all issues in this case were settled except one. This issue concerns a personal injury suit filed by Joyce Mattimore Lawson, as guardian of the estates of Donna Mattimore, Douglas Mattimore, and Gail Mattimore against debtor's former employer, Lindgren Electric, Inc., Lindgren Electric's insurance company, General Casualty Company of Wisconsin and Donald Mattimore's insurance company, State Farm Mutual Automobile Insurance Company.

McGraw, while in the employment of Lindgren Electric, Inc., was involved in an automobile accident with Donald W. Mattimore on April 16, 1976. This accident occurred when a trailer containing a trencher, separated from the van McGraw was driving and collided with Donald W. Mattimore's automobile. As a result of this accident, Donald W. Mattimore and Lynelle Mattimore were killed, and Donna Mattimore, Gail Mattimore and Douglas Mattimore were injured.

Plaintiffs have alleged the following damages against McGraw and his co-defendants:

1. $500,000 for medical and mental injuries incurred by Douglas Mattimore as the result of the automobile accident.

2. $1,000,000 for medical and mental injuries incurred by Donna Mattimore as the result of the automobile accident.

3. $75,000 for medical injuries and mental anguish incurred by Gail Mattimore as the result of the automobile accident. All totaled, creditors allege a damage claim of $1,575,000 against McGraw and his co-defendants.

Creditors, Lawson and Mattimore, seek to lift the 11 U.S.C. § 362 stay and the 11 U.S.C. § 524 injunction for the limited purpose of determining liability for the automobile accident. They also seek to establish the vicarious liability of McGraw's former employer, Lindgren Electric, Inc., and ultimately the employer's insurance company, General Casualty Company of Wisconsin.

Lawson and Mattimore allege a determination of McGraw's liability is required to establish the liability and the amount of that liability of McGraw's former employer. They disclaim any intent to recover or collect any judgment award resulting against McGraw from the pending civil suit.

Two questions are presented by this case.

a. Is McGraw's presence as a defendant in creditors' civil suit required for an adjudication of Lindgren Electric's vicarious liability and the apportionment of negligence between the parties?

b. If so, should the 11 U.S.C. § 362 stay and 11 U.S.C. § 524 injunction be lifted to allow the continuance of creditors' civil suit against McGraw?

The initial question must be answered affirmatively. The common law doctrine, *respondeat superior*, makes McGraw's former employer, Lindgren Electric, liable for McGraw's negligent acts while acting as an employee. For plaintiffs to recover damages under this theory, the following conditions must be established:

(1) McGraw's negligence, i.e., the April 16, 1976, automobile accident was caused by McGraw's negligent operation of Lindgren Electric's van and trailer rig.

(2) McGraw was an employee of Lindgren Electric, Inc., at the time of the automobile accident.

(3) McGraw was acting within the scope of his employment at the time and place involved in creditors' claim, i.e., debtor was engaged in Lindgren Electric's business when the automobile accident occurred.

(4) McGraw acted with the knowledge and consent of his employer, Lindgren Electric. *Finsland v. Phillips Petroleum Co.*, 57 Wis.2d 267, 204 N.W.2d 1 (1973).

In addition to meeting the *respondeat superior* elements, plaintiffs must satisfy the requisites of the Wisconsin Contributory Negligence Statutes. Wis.Stats. § 895.-045 allows a plaintiff to recover only if that plaintiff's contributory negligence was less than or equal to the percentage of negligence attributable to the defendant. Furthermore, Wis.Stats. § 895.045 requires the amount of damages awarded to the plaintiff to be decreased by the percentage of negligence attributable to the plaintiff. *Chille v. Howell*, 34 Wis.2d 491, 149 N.W.2d 600 (1967), *McGowan v. Story*, 70 Wis.2d 189, 234 N.W.2d 325 (1975).

Plaintiffs, Lawson and Mattimore, must, therefore, prove that McGraw's negligence in the April 16 automobile accident was either greater than or at least as great as the plaintiffs' negligence. If the distribution of negligence results in an apportionment of greater negligence for the plaintiffs than McGraw, plaintiffs will be allowed no damage recovery. Furthermore, any damages awarded to plaintiffs must be decreased by the percentage of negligence apportioned to plaintiffs. Therefore, McGraw's presence is needed in creditors' civil suit. Without McGraw, the plaintiffs cannot establish the requisites of the *respondeat superior* doctrine, nor can negligence be apportioned among the parties as required per Wis.Stats. § 895.045.

The more difficult question arises in determining whether the protection afforded a debtor in bankruptcy should be modified and reduced to permit and require McGraw to participate in the trial as a party defendant. Both the U. S. Congress[1] and federal bankruptcy courts have recognized that relief from the 11 U.S.C. § 362 stay is permissible in some limited circumstances. Courts have allowed tailoring of the 11 U.S.C. § 362 stay to permit the continuance of a

---

1. S.Rep.No. 95–989, 95th Cong., 2nd Sess. 50 (1978), U.S.Code Cong. & Ad.News (1978), at 5787, 5836.

civil suit with a debtor where two conditions were met. *In Re Terry*, 12 B.R. 578, 7 B.C.D. 1218, 1220 (Bkrtcy.E.D.Wis.1981), *In Re Honosky*, 6 B.R. 667, 7 B.C.D. 50, 51, Bankr.L.Rep. (CCH) ¶ 67,681 (Bkrtcy.S.D. W.Va.1980), and *In Re Holtkamp*, 669 F.2d 505 (7th Cir. 1982). These conditions are that:

(a) No *"great prejudice"* to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and

(b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

Some elements of "great prejudice" have been identified. "Great prejudice" results if the debtor/bankrupt is held personally liable, for purposes of collection, for a civil damage award. *In Re Terry*, 12 B.R. at 581, 7 B.C.D. at 1219. However, the court in *Terry* reasoned that no damage would result because the claimant had stipulated it sought recovery only from the other co-defendants, *not* the debtor. A similar stipulation has been offered in the present case.

The propriety of the *Terry* approach was recently supported when it upheld a bankruptcy court's 11 U.S.C. § 362(a) stay modification. *In Re Holtkamp*, 669 F.2d 505 (7th Cir. 1982). The Court of Appeals determined no "great prejudice" resulted to the bankruptcy estate from the 11 U.S.C. § 362(a) modification because the bankruptcy court's modification order only allowed the state court to determine the debtor's liability, and expressly prohibited plaintiff/creditor from attempting to collect any judgment from the debtor. *In Re Holtkamp*, at 508.

The cost of defending in a civil suit has been given serious consideration by bankruptcy courts, but no case has been found in which the high cost of defending is by itself "great prejudice" which will bar modification of the stay. In *In Re Terry*, 12 B.R. at 582, 7 B.C.D. at 1220, the debtor doctor had no malpractice insurance and as a result had to pay his own defense costs. While the prospective defense costs were given

consideration, the court went on to consider the equities of the situation.

The present case is similar to *Terry* in that the defendant insurance companies will probably not absorb the costs of counsel for McGraw. The insurance companies insured McGraw's employer and the other driver, Donald Mattimore, not the debtor. While debtor may incur attorney's fees as the result of the continuance of the civil litigation, as enumerated above, this in and of itself does not bar modification of the 11 U.S.C. § 362 stay.

Consideration of the equities of the present case suggests that plaintiffs will be precluded from recovery against solvent co-defendants if the debtor is not a party for the purpose of determining liability while the debtor's sole injury will be the costs attendant to the defense of the action. The equities were similar in the case of *In Re Honosky*, 6 B.R. 667, 7 B.C.D. 50, 51, Bankr.L.Rep. (CCH) ¶ 67,681 (Bkrtcy.S.D. W.Va.1980), where the court quoted Collier with approval. (2 Collier on Bankruptcy § 362.07(3) at 362–49.)

Lack of adequate protection and lack of equity are not the sole grounds for relief from the stay .... Where the claim is one covered by insurance or indemnity, continuation of the [civil] action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.

The present case involves an extension of *Honosky*. Plaintiffs ultimately seek recovery from McGraw's former employer's insurance company. McGraw's presence as a defendant is required to establish vicarious liability of the employer, who will in turn invoke the protection of the surety, General Casualty Company of Wisconsin. Consequently, if the stay is not modified, plaintiffs will have no remedy vis-a-vis debtor's alleged negligence.

The reported cases considered thus far have discussed modification of the automatic stay whereas in the present case the stay has been superseded by the injunction invoked by discharge. 11 U.S.C. § 524 re-

quires a permanent injunction to be issued prohibiting the continuation of a civil suit against the debtor. However, the reach of 11 U.S.C. § 524 is limited. 11 U.S.C. § 524 states that a discharge "operates as an injunction against . . . continuation of an action, . . . to collect, recover or offset any such debt as a *personal liability* of the debtor, or from *property of the debtor. . . .*" (Emphasis added.) Thus, the statutory language itself, places limits on the scope of the 11 U.S.C. § 524 injunction. The injunction is only required when the continuance of a civil suit will result in efforts to collect from the debtor or his property a judgment award. Because the plaintiffs have agreed to seek no enforcement against him, neither McGraw nor his property is in any jeopardy due to the continuation of the suit. Consequently, the 11 U.S.C. § 524 injunction can be modified.[2]

Upon the foregoing memorandum decision, IT IS HEREBY ORDERED:

1. The stay under 11 U.S.C. § 362 and the injunction provided by 11 U.S.C. § 524 are so modified as to allow the continuation of civil suits No. 79–CV–30 and No. 79–CV–27 in the Circuit Court for Dane County, Wisconsin, by Lawson and Mattimore as plaintiffs against Gerald P. McGraw as a party defendant.

2. McGraw's appearance as a defendant in that civil action shall be limited to the following purposes:

a. determining McGraw's alleged negligence for the automobile accident;

b. determining Lindgren Electric's vicarious liability for debtor's actions; and

c. apportioning any liability determined to exist between or among the parties, as required by Wis.Stats. § 895.045.

3. Creditors, Lawson and Mattimore, are barred and enjoined from collecting from the debtor or his property or the bankruptcy estate any judgment awarded in that circuit court action.

---

2. *In Re Honosky*, 6 B.R. 667, 7 B.C.D. 50, 51, Bankr.L.Rep. (CCH) ¶ 67,681 (Bkrtcy.S.D.W. Va.1980).