**In re CELECTRO–KNIT FABRICS, INC., Debtor,**

**DAVID GESSNER CO., INC., Plaintiff,**

**v.**

**CELECTRO–KNIT FABRICS, INC., Defendant.**

**Bankruptcy No. 80–B–11449 (PA).**
**Adv. No. 82–5819–A.**

United States Bankruptcy Court,
S.D. New York.

Oct. 21, 1982.

Bower & Gardner by Gerry Schwartz, New York City, for David Gessner Co., Inc.

Horvath & Young by Harold Young, New York City, for Trustee.

## DECISION AND ORDER LIFTING STAY

PRUDENCE B. ABRAM, Bankruptcy Judge:

This matter, which came on for trial before the Court on October 14, 1982, is an adversary proceeding commenced by David Gessner Co., Inc. ("Gessner") seeking relief from the automatic stay imposed by Bankruptcy Code § 362 to permit Gessner to proceed with a third-party complaint against the debtor, Celectro-Knit Fabrics, Inc. ("Celectro"), in an action pending in the Supreme Court of the State of New York, County of Kings, captioned *Shulla Joseph v. Brushings, Inc., David Gessner Co., Inc. and Witley Gessner, Inc.* The plaintiff in the state court action, Shulla Joseph, a former employee of Celectro, alleges that she suffered personal injuries while at work on the premises of Celectro on May 25, 1978, approximately eighteen months before this case was commenced on September 5, 1980. Gessner is the manufacturer of the equipment alleged to have caused the injury to Ms. Joseph. Apparently Ms. Joseph could not directly sue Celectro as her employer due to the New York Workmen's Compensation laws, but Celectro can be impleaded by the defendants.

Mr. Fred Thomas, an employee of Greater New York Mutual Insurance Company ("Greater New York"), testified that Celectro was covered during the relevant time period by a workmen's compensation policy containing employer's liability coverage and that the coverage under this liability was unlimited in amount. The Trustee for Celectro in this liquidation case under Chapter 7 of the Bankruptcy Code did not dispute this statement of the policy coverage. The third-party complaint was served and on May 11, 1981, an answer was filed on behalf of Celectro by Harold M. Foster, an in-house attorney for Greater New York.

Gessner and the Trustee are both concerned with the future course of the state court action. Gessner believes that it ought to be able to proceed unfettered by this court and that it ought to be able to rely in this court on any judgment obtained in the state court should it, for any reason, be unable to collect any judgment it recovers against Celectro from Greater New York. The Trustee on the other hand has no objection to Gessner's proceeding in the state court action so as to permit recovery against the insurance carrier but points to the unliquidated claim filed by Gessner in this case and objects to any state court judgment forming the basis for liquidation of that claim. Due to the unlimited coverage of the Greater New York policy, the only apparent circumstances under which Gessner would have a claim against the estate would be if Greater New York declined coverage for failure to cooperate in the defense of the Joseph action.

Bearing in mind the direction of the United States Supreme Court in *Foust v. Munson Steamship Lines,* 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936), this Court will lift the automatic stay so as to permit Gessner to continue its third-party action against Celectro. However, the Court de-

clines to permit the Trustee to be named as a party to the action and the Court further declines to direct the Trustee or its counsel to appear or defend the action. The defense of the litigation on behalf of Celectro shall be left in the hands of Greater New York.[1] The Court does direct the Trustee to cooperate, if requested, with Greater New York in the defense of the Joseph action to the extent that the Trustee is in possession of, or has the power of control with respect to, documents or information required. Such cooperation is contemplated by general bankruptcy policy and by Bankruptcy Rule 218 ("A trustee shall ... (3) furnish information concerning the estate and its administration when reasonably requested by a party in interest, except as otherwise directed by the court ..."). See also *In re Berneddy's, Inc.,* 108 F.Supp. 183, 185 (D.Mass.1952), *aff'd sub nom. Massachusetts v. Widett,* 204 F.2d 512 (1st Cir. 1953). Should any dispute arise about a possible loss of coverage due to failure to cooperate Gessner is free to apply to this Court for further instructions.

By refusing to permit the Trustee to be named a party in the state court action, the Court intends that the estate and other creditors be spared the unwarranted expense of defense due to the highly speculative nature of the estate's exposure. It would not be fair to other creditors to be burdened with the expense of the state court litigation in this circumstance.[2] Should Gessner for any reason have a claim against the estate not covered by the Greater New York policy, this Court will not be required to accept any state court judgment as fixing the claim but may look to the underlying claim, as well, as in essence, Gessner would be claiming on the basis of a default judgment since the Trustee is not a party to the action. See, e.g., 3A *Collier on Bankruptcy* (14th ed.), ¶ 63.27.

SO ORDERED.

1. The policy provides, as required by New York Law, that the bankruptcy or insolvency of the insured or the insured's estate will not relieve the carrier of its obligations under the policy.

2. Other creditors must share in whatever estate exists pro-rata; Gessner, on the other hand, stands to recover 100% of its claim, if any, from the insurance coverage.