**In re STEFFENS FARM SUPPLY, INC., Debtor.**

**FOLKMANN FEED & GRAIN, INC., Plaintiff,**

v.

**STEFFENS FARM SUPPLY, INC., Defendant.**

**Bankruptcy No. 83–00142.
Adv. No. 83–0570C.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 25, 1983.

Harry R. Terpstra, Cedar Rapids, Iowa, trustee.

Clint P. Van Zee, Williamsburg, Iowa, for plaintiff.

Guy P. Booth, Cedar Rapids, Iowa, for debtor.

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a complaint filed by Folkmann Feed & Grain, Inc. (Plaintiff) seeking to lift the automatic stay to permit it to obtain a judgment and other relief in a U.C.C. Article 6 action against the Debtor and Consumer's Co-op Association (Co-op). Because the case involved only legal questions, no testimony was received and the Court heard arguments from counsel. Being fully advised and having reviewed the file and the authorities submitted by the parties, the Court now makes the following Findings of Fact, Conclusions of Law, and Order.

The facts are not in dispute. The Plaintiff sold feed and grain to the Debtor on an open account prior to the filing of the Debtor's Chapter 7 Petition. Apparently the Debtor has not satisfied this account. Also, prior to the filing of the Petition, the Debt-or transferred in bulk its assets (presumably including the feed and grain it purchased from the Plaintiff) to the Co-op. Alleging that the transfer violated Article 6 of the U.C.C. (codified at *Iowa Code* §§ 554.6101 et seq.), the Plaintiff attempted to pursue its remedies against the Co-op. In this pursuit, the Plaintiff asserted that its efforts would not be successful unless it possessed a judgment against the Debtor for the unpaid balance of the feed and grain it had sold to the Debtor on the open account. Cognizant of the provisions of 11 U.S.C. § 362, the Plaintiff filed this Complaint for the lifting of the automatic stay.[1]

The gravamen of Plaintiff's complaint here is that to prevail over the Co-op in an Article 6 action,[2] the Plaintiff must possess a judgment against the Debtor. Assuming, without deciding, that under applicable state law[3] the Plaintiff's assertion is correct, the stay imposed by 11 U.S.C. § 362 should be terminated to accord relief for the Plaintiff.

11 U.S.C. § 362(d)(1) states:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest ....

There is little dispute that Plaintiff, an unsecured creditor, is a "party in interest." *In re Holtkamp,* 669 F.2d 505, 508 (7th

---

1. On October 11, 1983, this Court issued a *preliminary order partially lifting the stay* and permitted the Plaintiff to initiate appropriate action in state court against the Debtor. The October 11, 1983, Order was issued for the sole purpose to enable the Plaintiff to avoid the running of the Statute of Limitations, *see Iowa Code* § 554.6111 (1983), and by its terms prohibited the Plaintiff from levying or executing on any judgment against the Debtor. The Orders issued today reaffirm those issued on October 11, 1983, and are intended to satisfy the mandate of F.R.B.P. 7052.

2. This Court assumes, without deciding, that Article 6 applies to the transfer in question. *See Iowa Code* § 554.6102(3) (1983) (defining the "enterprises" subject to Article 6); *id.* § 554.6103 (excluding certain transfers from coverage of Article 6).

3. To support its assertion, the Plaintiff submitted *state court decisions rendered before the effective date* of the Uniform Commercial Code in Iowa. The Plaintiff did not submit, nor could this Court locate, any state decisions relating to *Iowa Code* §§ 554.6101 et seq. (1983). This Court, rather than speculating under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), what the state court would hold, assumes that the Plaintiff's assertion is correct. This assumption, should it later be shown to be incorrect in the eventual state decision, would cause no harm to the Debtor or the estate, as it would be the Plaintiff who had needlessly spun its wheel. Stated otherwise, this Court is satisfied that the § 362 question at bar can best be effectively resolved by assuming but not deciding the correctness of Plaintiff's position.

Cir.1982). The critical question here is whether Plaintiff's assertion constitutes sufficient "cause" to be accorded relief from the stay.

■ As stated in the legislative history, the "lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300. In the case at bar, the Plaintiff cannot prevail on the basis of inadequate protection of "an interest in property." This is so because in *In re Kingman Warehouse Co. IX,* 17 B.R. 377, 381 (Bkrtcy.N.D. Iowa 1982), this Court held that "the 'interest in property' entitled to protection is not measured by the amount of the debt but by the value of the lien." As the Plaintiff has no charge or lien against any collateral, there is no "interest in property" entitled to adequate protection.

Recognizing that the purpose of the automatic stay is to preserve the debtor's insolvent estate such that a systematic equitable liquidation procedure for all creditors may be effected, H.R.Rep. *supra* at 340, courts have fashioned "cause" to grant relief from the stay on policy grounds. *See generally Foust v. Munson Steamship Lines,* 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49 (1936) (in determining whether to lift the stay, "the court is to exercise the power according to the particular circumstances of the case and is to be guided by considerations . . . that make for the ascertainment of what is just to the claimants, the debtor and the estate."). One example of such "cause" is the rule that where the creditor's action is not connected with or interfering with the bankruptcy procedure, continued imposition of the stay would not foster congressional policy. *E.g., Holtkamp,* 669 F.2d at 508; *see, e.g., In re Hinders,* 22 B.R. 810, 812 (Bkrtcy.S.D.Ohio 1982); *In re Honosky,* 6 B.R. 667, 669 (Bkrtcy.S.D.W.Va.1980); H.R. Rep. *supra* at 341; S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978). The two requisite elements for the application of this rule were identified by the court in *In re McGraw,* 18 B.R. 140, 142 (Bkrtcy.W.D.Wis. 1982), as:

(a) No *"great prejudice"* to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and

(b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

Two cases may serve to illustrate the application of the rule. In *Hinders,* a state agency sought relief from the stay to permit it to proceed to suspend the debtor's driving privileges. 22 B.R. at 811. The state agency specifically advised the court that it was not seeking to collect money from the debtor. The *Hinders* court, noting that public safety and other nonbankruptcy concerns outweighed any prejudice to the debtor or the estate, *see id.* at 813, lifted the stay and allowed the state agency to proceed "for the sole purpose of obtaining a finding of liability" on the part of the debtor in a car accident.

In *McGraw,* creditors sought modification of the stay to permit them to continue a civil action in state court against several defendants, one of whom was the debtor. 18 B.R. at 140. After determining that to prevail over the other nonbankruptcy defendants under the applicable state law the creditors must establish the liability of the debtor, and finding that the only cost to the debtor would be attorney fees, the court modified the stay to allow the creditors to proceed against the debtor. *Id.* at 142–43.

■ Application of the above principles to the case at bar convinces this Court that the Plaintiff should prevail. Without a judgment against the Debtor, it appears that Plaintiff may not effectively assert its remedies against the Co-op. *See* n. 3, *supra.* Permitting the Plaintiff to obtain the requisite judgment against the Debtor may cause the Debtor to incur attorney fees. Liability for attorney fees alone, however, does not result in "great prejudice." *McGraw,* 18 B.R. at 142. The benefits to the Plaintiff, on the other hand, may be paramount in that the prosecution of the

**76**

state court action could bring to fruition the protection afforded the Plaintiff by the legislature in enacting Article 6 of the Uniform Commercial Code. In sum, a balance of the equities leads this Court to conclude that the § 362 stay should be terminated to allow the Plaintiff to proceed in the state court action.

Having determined that the stay should be terminated, a question still remains as to the scope of the termination. In allowing creditors to proceed in actions against the debtor, courts have either fashioned the termination in such manner as to permit the creditors to obtain a judgment, but *not* to collect any money or otherwise levy against property of the debtors, *e.g., Hinders,* 22 B.R. at 814; *In re Terry,* 12 B.R. 578, 583 (Bkrtcy.E.D.Wis.1981); *Honosky,* 6 B.R. at 670, or obtained a stipulation from the creditors that they sought recovery from the solvent defendants only.[4] *See, e.g., McGraw,* 18 B.R. at 142. Likewise, this Court will so condition the termination.

### ORDERS

IT IS THEREFORE ORDERED that:

1. The automatic stay imposed by 11 U.S.C. § 362 be modified to permit Folkmann Feed and Grain, Inc., to proceed against the Debtor in Law No. CL 142–1083 now pending in the Iowa District Court in and for Jones County.

2. The permission so granted Folkmann Feed and Grain, Inc., is limited to such action as would be necessary to obtain a judgment against the Debtor such that Folkmann Feed and Grain, Inc., may assert its claim against Consumer's Co-op Association.

3. Folkmann Feed and Grain, Inc., is barred and enjoined from collecting from the Debtor, the Debtor's property, or property of the bankruptcy estate any judgment awarded in the state court action.

4. The Complaint filed herein by Folkmann Feed and Grain, Inc., is sustained to

---

4. Indeed, it appears that the injunction imposed by 11 U.S.C. § 524 may prohibit the Plaintiff

the extent of the Orders issued above and denied and dismissed in every other respect.

from collecting on any judgment against the Debtor.