In re UNR INDUSTRIES, INC., Unarco Industries, Inc., UNR, Inc., UNR–Rohn, Inc., (Alabama), UNR–Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Debtors.

TEILHABER MANUFACTURING COMPANY, Plaintiff,

v.

UNARCO INDUSTRIES, INC., Defendant.

Bankruptcy Nos. 82 B 9841–9851, 83 A 1059.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 13, 1985.

Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for debtors.

Wallenstein, Wagner, Hattis, Strampel & Aubel, Chicago, Ill., and Kripke, Epstein & Lawrence, P.C., Denver, Colo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Complaint for Relief from Stay filed by Plaintiff, TEILHABER MANUFACTUR-ING COMPANY, represented by WAL-LENSTEIN, WAGNER, HATTIS, STRAM-PEL & AUBEL, and by KRIPKE, EP-STEIN & LAWRENCE, P.C., against the Debtor, UNARCO INDUSTRIES, INC., represented by SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD., and the Court, having considered the record in these cases and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. On July 29, 1982, the above-entitled Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since that date, Debtors have continued to operate their businesses and manage their properties as debtors-in-possession.

2. Prior to 1970, some of the above Debtors or their predecessor corporate entities were involved in the manufacture and sale of products containing asbestos fiber. Exposure to these products has been implicated as a cause of several forms of serious and debilitating asbestos-related disease. Although Debtors ceased their dealings with asbestos product in the early 1970's, there were approximately 17,000 asbestos-related tort or wrongful death cases pending against them on July 29, 1982, when these bankruptcy proceedings commenced. In addition, Debtors anticipate that between 30,000 and 120,000 new asbestos-related tort and wrongful death cases may be filed against them between now and the early twenty-first century, as individuals who have already been exposed to asbestos or asbestos product begin to manifest disease symptoms.

3. The expense involved in defending the 17,000 asbestos-related tort and wrongful death suits pending against Debtors on July 29, 1982, had much to do with Debtors' institution and maintenance of these bankruptcy proceedings.

4. In October 1979, Plaintiff, TEILHA-BER MANUFACTURING CO., filed suit against Debtor, UNARCO INDUSTRIES, INC., in the District Court for Boulder County, Colorado, Civil Action No. 79–CV–1523–3. Plaintiff's suit is based upon Debtor's alleged product disparagement regarding a metal storage rack manufactured by Plaintiff. This civil action was

stayed upon the commencement of Debtor's voluntary Chapter 11 case. 11 U.S.C. § 362(a)(1).

5. On April 7, 1983, Plaintiff filed a Complaint for Relief from Stay, in which it sought authority to proceed to judgment against Debtor on its Colorado state court suit.

6. Debtor filed its Answer to Plaintiff's Complaint on April 27, 1983.

7. Plaintiff contends that sufficient cause exists for the entry of relief from the section 362(a) automatic stay because: (1) the Colorado state court litigation is in an advanced stage; (2) that Debtor has insurance coverage available; and (3) the entry of judgment in the Colorado state court action would halt any continuing deleterious effect of the alleged disparagement of Plaintiff's products.

8. Debtor opposes Plaintiff's request for relief from stay on the following grounds: (1) further prosecution of Plaintiff's Colorado state suit would distract Debtor's personnel from the reorganization process; (2) the litigation of that matter would dissipate Debtor's financial resources, and reduce the sums available for payment to all of Debtor's creditors; (3) although Debtor has primary insurance coverage for this matter up to $1,000,-000.00, there is a question respecting Debtor's entitlement to excess insurance coverage; (4) that permitting the instant matter to proceed would "open the floodgates" to similar requests for relief by the proponents of pending lawsuits involving asbestos-related tort and wrongful death liability.

The Court Concludes and Further Finds:

1. Debtor's institution of these voluntary Chapter 11 bankruptcy proceedings on July 29, 1982, operated as a stay against the continuation of the civil litigation instituted by Plaintiff against Debtor in the District Court of Boulder County, Colorado. 11 U.S.C. § 362(a)(1).

2. Plaintiff was entitled to request relief from this automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

■ 3. The proponent of a request for relief from the section 362(a) automatic stay bears the initial burden to establish "cause" warranting entry of such relief. Once such initial showing has been made by the creditor, the burden lies with the debtor to demonstrate its entitlement to the continuation of the stay. *In re Curtis*, 40 B.R. 795, 802–803 (Bankr.D.Utah 1984); *Clark Equipment Credit Corp. v. Kane (In re Kane)*, 27 B.R. 902, 905 (Bankr.M.D. Pa.1983); *Roaring Brook Township v. Philip Soltoff Associates*, 1 B.R. 180, 182 (Bankr.E.D.Pa.1979); 2 L. King, *Collier on Bankruptcy* ¶ 362.10 (15th ed. 1985).

4. Courts have modified or lifted the section 362(a) automatic stay to permit the continuance of a civil suit involving a debtor where (1) no "great prejudice" to either the debtor or the bankruptcy estate would result from the continuance of the civil action; and (2) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay. *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982); *In re McGraw*, 18 B.R. 140, 142 (Bankr.W.D.Wis. 1982).

5. Resolution of the issues involved in Plaintiff's Colorado state court suit would not involve or require the specialized expertise of a bankruptcy tribunal.

6. The outcome of Plaintiff's Colorado state court litigation would not have substantive effect on issues which involve Debtor's ability or entitlement to reorganization under the Bankruptcy Code.

7. The liquidation of Plaintiff's claim may be more speedily determined in the state forum, where at least some pretrial activity has commenced between these parties.

8. The liquidation of Plaintiff's claim may be more conveniently determined in the state forum, as the matter involves issues of state substantive law.

9. The parties do not dispute that Debtor has $1,000,000.00 primary insurance coverage available with reference to the substantive cause of action asserted by Plaintiff in the Colorado state court action. This fact militates in favor of Plaintiff's request for relief from the automatic stay.

10. The controversy respecting whether Debtor has liability coverage for judgments in excess of $1,000,000.00 need not bar the modification of the automatic stay, as this Court has discretion to limit the enforcement against the Debtor or against property of Debtor's estate of any judgment obtained by Plaintiff in the Colorado state court action.

11. Plaintiff suggests, and Debtor does not deny, that Debtor's existing insurance coverage would indemnify Debtor respecting the cost of defending itself in the Colorado state court proceeding. The burden was upon Debtor to come forward with information concerning this question. *Foust v. Munson Steamship Lines,* 299 U.S. 77, 85–86, 57 S.Ct. 90, 94–95, 81 L.Ed. 49 (1936). In any event, the Court concludes that Debtor would not suffer great prejudice if it were required to bear the defense costs of Plaintiff's particular lawsuit. *In re McGraw,* 18 B.R. 140, 142 (Bankr.E.D.Wis.1982).

12. The state law issues and subject matter involved in Plaintiff's Colorado state court suit, are not related to, and would not interfere with, Debtor's attempt to reorganize.

13. The prompt resolution of Plaintiff's product disparagement claim in the state forum could minimize any further deleterious effect of the alleged disparaging communication made by Debtor respecting Plaintiff's product.

14. Debtor's presentation with reference to this matter is insufficient to substantiate its claim that the continuance of Plaintiff's Colorado state court lawsuit would have a substantial deleterious effect on Debtor's ability to formulate and propose a plan of reorganization.

15. The Court does not consider that the allowance to Plaintiff of relief from the automatic stay would necessarily encourage the filing of similar requests for relief by the proponents of pending lawsuits involving asbestos-related tort and wrongful death liability. "The facts of each request [for relief from the automatic stay] will determine whether relief is appropriate under the circumstances." H.R.Rep. 95–595, 95th Cong., 2d Sess. 344, *reprinted in* 1978 U.S.Code Cong. & Ad News 5787, 5963, 6300. The undisputed existence of substantial insurance coverage available to Debtor with reference to this matter poses a major distinction between this specific case, and those pending cases involving Debtor where substantial insurance coverage is not available, including, but not limited to, the asbestos-related tort and wrongful death litigation.

16. On June 15, 1983, this Court entered its Memorandum Opinion and Order which denied the Complaint to Lift or Modify the Automatic Stay filed by BEVERLY G. WERNICK [Wernick] against Debtor UNARCO INDUSTRIES, INC. *Wernick v. Unarco Industries, Inc. (In re UNR Industries, Inc.),* 82 A 3393 (Bankr.N.D.Ill. June 15, 1983). In that case, Wernick filed a tort suit against Debtor 16 months prior to the commencement of its bankruptcy proceedings. Extensive discovery had transpired with reference to this lawsuit, in which Wernick sought to recover damages for personal injuries sustained when a shopping cart manufactured by Debtor fell on her.

It was disclosed in the *Wernick* case that Debtor's insurance coverage carried a $1,000,000.00 deductible. The Court observed in its Memorandum Opinion and Order that Debtor was a large corporate entity with thousands of employees, and there was a need to cautiously provide for the

repayment of all claims against Debtor, rather than to allow a proliferation of lawsuits and judgments to be entered against it in various forums.

After taking into consideration all the relevant facts of that case, including the relative youth of Debtor's bankruptcy case, the Court concluded that the interests of Debtor and its creditors in the continuance of the automatic stay, outweighed Wernick's interests in obtaining relief from the stay. Accordingly, Wernick's Complaint to Lift or Modify the Automatic Stay was denied.

In contrast, the Court notes that Debtor's insurance coverage in the present case is more substantial than that involved in *Wernick*. It thus becomes more realistic to assume that Plaintiff might obtain some recovery from Debtor's insurance carrier, through settlement or through entry of a judgment for up to $1,000,000.00.

The Court further notes that three years have passed since Debtor's bankruptcy case commenced. To the extent that the outcome in *Wernick* was based in part upon the "relative youth" of Debtor's Chapter 11 case, the Court notes that this factor has become somewhat less important with the passage of time. The Court holds that the prior decision in *Wernick* does not control the disposition of the instant matter.

17. Plaintiff's presentation in support of its Complaint For Relief From Stay is sufficient to establish the existence of "cause" for the entry of relief from the section 362(a) automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. 11 U.S.C. § 362(d)(1).

18. Debtor's presentation in opposition to Plaintiff's Complaint For Relief From Stay is insufficient to establish its continued entitlement to the protections afforded by the section 362(a) automatic stay.

19. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the stay provided by 11 U.S.C. § 362(a) be, and the same is hereby modified to permit the continuation to final judgment of the civil suit captioned *TEILHABER MANUFACTURING CO. v. UNARCO MATERIALS STORAGE, a Division of UNARCO INDUSTRIES, INC., et al.,* No. 79–CV–1523–3, in the District Court In and For the County of Boulder, State of Colorado.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the stay provided by 11 U.S.C. § 362(a) shall continue in effect to bar the enforcement of any civil judgment obtained in the case of *TEILHABER MANUFACTURING CO. v. UNARCO MATERIALS STORAGE, a Division of UNARCO INDUSTRIES, INC. et al.,* 79–CV–1523–3, against property of the estate of Debtor, UNARCO INDUSTRIES, INC., apart from insurance proceeds available to the Debtor respecting this matter.