**In re Donald F. KRANK, Debtor.**

**Frank L. MARTIN, Plaintiff,**

v.

**Barbara A. MARTIN and Donald F. Krank, Defendants,**

**and**

**Richard A. Umbenhauer, Esq., Trustee.**

Bankruptcy No. 86–01426 T.
Adv. No. 86–1266.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 24, 1988.

James R. Leonard, Jr., Lancaster, Pa., for debtor.

Richard A. Umbenhauer, Lancaster, Pa., Trustee.

## MEMORANDUM AND OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

We are confronted with the motion of Donald F. Krank ("debtor")[1] requesting that we grant summary judgment in his favor on the complaint filed against him by Frank L. Martin ("plaintiff"). We deny the debtor's request for summary judgment and allow plaintiff fifteen (15) days from the date of this order to amend his 11 U.S.C. § 727 cause of action in accordance with this opinion.

■ Debtor filed his chapter 7 petition on March 28, 1986. On October 20th of that year, plaintiff filed the instant complaint[2] requesting relief from the automatic stay imposed by 11 U.S.C. § 362 and objecting to the debtor's discharge, pursuant to 11 U.S.C. § 727. Plaintiff states in his complaint that he is also the plaintiff in a "legal mal-practice" (sic) action pending against "Donald F. Krank, et al.," in the Court of Common Pleas of Lancaster County ("C.C.P. action"). In his request for relief from the automatic stay, plaintiff alleges that debtor has legal malpractice insurance covering the relevant time period, and that continuance of the CCP action would not prejudice debtor's creditors. He also "... objects to the Debtor (sic) discharge by reason of Defendant's mal-practice (sic) insurance pursuant to § 727(a)."

■ The instant "petition"[3] for summary judgment was filed by debtor-defendant prior to trial. Debtor alleges that plaintiff has not stated any cause for relief under § 362 or § 727. Plaintiff's answer to the "petition" for summary judgment denies

Thomas A. Ditto, Lancaster, Pa., for plaintiff.

1. The other defendants, Barbara A. Martin and Richard A. Umbenhauer, Esq. (the chapter 7 trustee) have failed to file any response to the complaint.

2. A motion, not a complaint, is the appropriate vehicle for requesting relief from the automatic stay.

3. Summary judgment is properly raised by "motion;" "petition" is the term used in the Code to refer to the initial filing in a bankruptcy.

that he has failed to allege any cause, and, for the *first* time, states that the underlying CCP complaint refers to a breach of a fiduciary duty which would preclude discharge under 11 U.S.C. § 523(a)(4). This is plaintiff's first reference to § 523(a)(4), and, not surprisingly, he requests that we deny summary judgment or, in the alternative, allow him to amend his complaint.

This tortured summary judgment proceeding forces us to confront the following questions: (1) whether there is a genuine issue of material fact with regard to the request for § 362 relief which would preclude summary judgment; (2) whether there is a genuine issue of material fact with regard to the request for § 727 relief which would preclude summary judgment, and (3) whether it is appropriate to allow plaintiff to amend his complaint to state a cause of action under § 523(a)(4).

Rule 56(c)[4] of the Federal Rules of Civil Procedure sets forth the oft-quoted standard for evaluating motions for summary judgment:

> (c) Motion and Proceeding Thereon ... The Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ...

To counter the drastic nature of this remedy, all evidence must be viewed in the light most favorable to the party opposing the motion. *Rumchaks v. Pavelka (In re Pavelka)*, 79 B.R. 228, 230 (Bankr.E.D.Pa. 1987). The moving party bears the burden of showing that there are no genuine issues as to any of the facts material to his theories of the law. *Eck v. Schuck (In re Schuck)*, 13 B.R. 461, 463, 3 C.B.C.2d 128 (Bankr.M.D.Pa.1980).

As we have previously noted, "(a)scertaining the existence of a material fact requires that we develop the perimeters of the law to which these facts are to be applied." *In re Pavelka*, 79 B.R. 228, 231. In this case, the summary judgment sword is pointed at plaintiff's § 362 and § 727 claims, and we will consider each of these separately, Section 362 allows us to modify the automatic stay "... for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d). The most common type of "cause" is found when a debtor has an equity interest insufficient to protect the movant's secured position.

A separate line of cases has also emerged, one which identifies § 362 "cause" based on policy considerations. *See e.g., Folkmann Feed & Grain, Inc. v. Steffan Farm Supply, Inc. (In re Steffan Farm Supply, Inc.)*, 35 B.R. 73, 75, 9 C.B. C.2d 1359, Bankr.L.Dec. para. 69,521 (Bankr.N.D.Iowa 1983), *citing Foust v. Munson S.S. Lines*, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936) (petition for reorganization under § 77B of the Bankruptcy Act). One example of such policy consideration arises when § 362 relief is requested to allow continuation of a state court action, and the state court action bears no significant connection to the bankruptcy. *See generally*, 2 *Collier on Bankruptcy*, para. 362.07 (15th ed. 1981). If the continuation of such a case would cause no great prejudice to either the estate or to the debtor, and if the hardship caused by continuation of the stay considerably outweighs the hardship caused by modification of the stay, courts often grant § 362 relief. *See e.g., In re McGraw*, 18 B.R. 140, 142, 6 C.B.C.2d 257 (Bankr.W.D.Wis.1982).

Many courts have taken this hardship analysis further, focussing on the adverse financial consequences that could be suffered by debtor as a result of lifting the stay. The financial impact is often severe, and courts will temper[5] this impact by

---

4. This rule is incorporated into the bankruptcy rules at N.B.R. 7056.

5. Courts also carefully fashion § 362 relief to create the least prejudice to the debtor. *In re Steffens Farm Supply, Inc.*, 35 B.R. 73, 76 (relief fashioned to allow creditors to obtain a judgment but specifically prohibiting them from collecting money or otherwise levying on debtor's property); *In re Celectro–Knit Fabrics, Inc.*, 24 B.R. 326, 328 (allowing insurance company to defend but prohibiting the addition of the trust-

allowing continuation of the state court suit with the proviso that the movant cannot actually collect any ultimate judgment from the debtor. *See e.g., Hinders v. Miami Valley R.T.A. (In re Hinders)*, 22 B.R. 810, 812, 9 B.C.D. 655 (Bankr.S.D.Oh.1982) (state action to suspend driving privileges—no fine to be levied).

One factor minimizing the financial impact of lifting the stay is the existence of insurance adequate to cover the costs of suit. *In re Columbia Ribbon & Carbon Mfg. Co., Inc.*, 54 B.R. 714, 721, 13 C.B.C. 2d 1167, 13 B.C.D. 962 (Bankr.S.D.N.Y. 1985); *David Gessner Co., Inc. v. Celectro–Knit Fabrics (In re Celectro–Knit Fabrics)*, 24 B.R. 326 (Bankr.S.D.N.Y. 1982). Thus, the adequacy of defendant's insurance becomes an issue. *See e.g., Teilhaber Mfg. Co. v. Unarco Industries, Inc. (In re UNR Industries, Inc.)*, 54 B.R. 266, 269, 13 B.C.D. 938 (Bankr.N.D.Ill.1985). Another significant factor is whether the insurance company has agreed to bear full responsibility for debtor's defense. *See e.g., Holtkamp v. Littlefield In re Holtkamp*, 669 F.2d 505, 508, 8 B.C.D. 957, Bankr.L.Rep. para. 68,598 (7th Cir.1982); *In re Honosky*, 6 B.R. 667, 669, 7 B.C.D. 50, Bankr.L.Dec. para. 67,681 (Bankr.S.D. W.Va.1980). Of course, even with insurance a debtor may bear the unpleasant burden of attorney's fees, but attorney's fees alone will not create prejudice sufficient to bar § 362 relief. *In re Steffens Farm Supply, Inc.*, 35 B.R. 73, 75; *In re McGraw*, 18 B.R. 140, 142.

Determining the manner in which the burden of proof is shifted in these cases is difficult. Section 362(g) discusses the shifting of the burden of proof when a movant alleges a lack of adequate protection. Unfortunately, neither the Code nor the legislative history discuss the appropriate burden of proof when the movant seeks relief on a ground other than adequate protection. *In re Curtis*, 40 B.R. 795, 802, 11 B.C.D. 1256 (Bankr.D.Utah 1984). Addressing this question, the *Curtis* court held that the creditor-movant must first

establish cause, after which the burden shifts to the debtor to show that it is entitled to the stay. *Id.* at 803, *citing In re Ludwig Honold Mfg. Co.*, 33 B.R. 722, 723 Bank.L.Rep. para. 69,608 (Bankr.E.D.Pa. 1983); *In re Ram Mfg., Co.*, 32 B.R. 969, 971 (Bankr.E.D.Pa.1983); *In re Rutter*, 9 B.R. 878, 879 (Bankr.E.D.Pa.1981).

Against this background, we must determine whether there is any genuine issue of material fact preventing us from entering summary judgment. The parties do not dispute the existence of malpractice insurance, although they disagree whether coverage is in debtor's name alone or in the name of his former law firm. We doubt that the continuation of the CCP action will prejudice debtor or the estate. This is especially true since the debtor has been disbarred and an adverse state court holding would not jeopardize his practice and/or limit any income coming into the estate. Since this is a chapter 7, with limited assets available to creditors, the state court suit may offer plaintiff his only chance of recovery. The adequacy and extent of debtor's insurance coverage is unclear but we must view all evidence in the light most favorable to the non-moving party. Insurance adequate to cover defense costs on unrelated state court proceedings can support a showing of § 362 "cause." Thus, genuine issues of material fact remain and we deny debtor's motion for summary judgment on the § 362 portion of the complaint.

■ Before we repeat this summary judgment analysis on the § 727 claim, we must consider plaintiff's request that he be allowed to amend the § 727 portion of his complaint to more fully identify an alleged breach of fiduciary duty in violation of § 523(a)(4). *See* Plaintiff's Answer to Defendant's "Petition" for Summary Judgment. If we allow such amendment, we can then treat the "Petition" for Summary Judgment as addressed to the *amended*

ee as a defendant); *In re Hinders*, 22 B.R. 810, 814 (case allowed to proceed on determination of liability alone); *In re Honosky*, 6 B.R. 667,

670, 7 B.C.D. 50, Bankr.L.Rep. para. 67,681 (stay lifted, but creditor prohibited from collecting from debtor's personal assets).

(§ 523(a)(4)) complaint, rather than to the original (§ 727) complaint. *Farmingham UAW Credit Union v. Kelley (In re Kelley)*, 46 B.R. 63 (Bankr.E.D.Pa.1985).

Rule 15 of the Federal Rules of Civil Procedure [6] allows a party in the situation of the present plaintiff to amend his pleading with the written consent of the adverse party or by leave of court. The broad, general rule is that leave to amend shall be freely granted when justice so requires. *Howze v. Jones & Laughlin*, 750 F.2d 1208, 1212 (3d Cir.1984). But we still retain a great deal of discretionary power allowing us to deny a requested amendment when the amendment will not save the case, *see e.g., Dan Caputo Co. v. Russian River County Sanitation Dist.*, 749 F.2d 571 (9th Cir.1984), or when the amendment will severely prejudice the non-moving party. *Howze v. Jones & Laughlin*, 750 F.2d 1208, 1212.

To determine whether this amendment will save the case, we must assume that the amendment has been granted and determine whether the newly amended § 523 claim is sufficiently strong to withstand this summary judgment attack. What plaintiff is saying, in essence, is as follows: (1) the underlying bankruptcy complaint refers to the state court complaint; [7] (2) the state court complaint alleges that debtor violated his fiduciary duty; (3) violations of fiduciary duties are prohibited under § 523(a)(4) of the Code.[8]

The existence of a fiduciary relationship is a prerequisite to a finding of § 523(a)(4) fraud or defalcation. No specific intent need underlie the actions giving rise to § 523(a)(4) liability. *In re Pavelka*, 79 B.R. 228, 232. The attorney-client relationship can give rise to a fiduciary relationship

within the meaning of § 523(a)(4). *See e.g., Purcell v. Janikowski (In re Janikowski)*, 60 B.R. 784, 789 14 B.C.D. 521 (Bankr.N.D. Ill.1986) (a fiduciary relationship under § 523(a)(4) may be established by disciplinary rules adopted by a state's highest court); *Doucette v. Kwiat (In re Kwiat)*, 62 B.R. 818, 821 (Bankr.D.Mass.1986) *aff'd in pt., vac. in pt. Kwiat v. Doucette*, 81 B.R. 184 (D.Mass.1987) In addition, an attorney might be a fiduciary by virtue of monies entrusted to him by his client. *See generally, Bellity v. Wolfington (In re Wolfington)*, 48 B.R. 920, 923, (Bankr.E.D. Pa.1985) ("Defalcation includes the failure of a fiduciary to account for money he received in his fiduciary capacity.") Thus, it is quite possible that this complaint, as amended, would raise material issues of fact precluding summary judgment. Unfortunately, plaintiff's request to amend is so vague that it is impossible to ascertain with certainty whether the amended complaint will leave any unanswered questions of material fact.

We can also consider whether allowing amendment will severely prejudice the non-moving party, in this case, debtor-defendant. Although this complaint was filed 17 months ago, and plaintiff now wants to proceed under a different Code section, the cause of action that plaintiff is now attempting to clarify arose out of the same attorney-client relationship underlying the original complaint. This identity of issues has been cited as a factor justifying allowance of an amendment. *First City Bank v. Blewett (In re Blewett)*, 14 B.R. 840, 841–42, 8 B.C.D. 502 (9th Cir.B.A.P.1981); *In re Kelley*, 46 B.R. 63, 67; *Littlejohn v. Englund (In re Englund)*, 20 B.R. 957, Bankr.L.Rep. para. 68,822 (Bankr.E.D.Mi. 1982). Under these circumstances, we find

---

**6.** This rule is incorporated into the bankruptcy rules at N.B.R. 7015.

**7.** It can be argued that the mere reference in the original complaint to the state court action does not sufficiently state a § 523(a)(4) claim; plaintiff does nothing more than mention, without describing, the state court action. However, since plaintiff has not fully delineated the scope of the amendment it wishes to make, we will

assume that plaintiff will fully amend both the reference to § 727 and the descriptions in the pleadings.

**8.** Plaintiff identifies the underlying fraud/defalcation in its brief but not in any of the pleadings. The brief, of course, contains arguments only, and thus we cannot accord the story set forth therein the same weight as we would a factual averment in a pleading.

that no great prejudice will result from allowing plaintiff to amend its complaint.

Our conclusion is buttressed by a decision allowing amendment in a case involving virtually identical facts. *In re Kelley*, 46 B.R. 63. As a result of a mistake made by out-of-state counsel, the *Kelley* plaintiff had filed a complaint objecting to discharge under § 727, rather than the intended § 523 complaint. The court was confronted with both plaintiff's motion to amend the complaint to state a § 523 cause of action, and a motion for summary judgment. Noting that there were no allegations that plaintiff had acted in bad faith or with dilatory motive, and that no prejudice would occur because the factual basis of the § 523 claim was identical in substance to the claim set forth in the original (§ 727) complaint, the court granted leave to amend. *Id.* at 67. The court found that "(t)he claim asserted in the amended complaint ... arose precisely out of the same conduct, transaction or occurrence as set out in the original complaint." *Id.* at 67.

We will exercise our discretion and allow amendment, since it will not severely prejudice debtor. It is impossible at this point in time to determine whether amendment will save the complaint. This uncertainty is due in part to the abominable state of these pleadings, including plaintiff's vague request to amend. Accordingly, we will deny debtor's motion for summary judgment on the § 727 claim *without prejudice* to give debtor the right to review the new amendment proposed by plaintiff, and if necessary, to file another motion for summary judgment.