**In re John R. MECKSTROTH, Sr., Debtor.**

**CHICAGO TITLE INSURANCE COMPANY, Plaintiff,**

v.

**Barbara A. MECKSTROTH et al., Defendants.**

Adv. No. 1–82–0301.

Related Case No. 1–82–02025.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 3, 1982.

Dennis J. Murphy, Cincinnati, Ohio, for plaintiff.

R. Edward Tepe, Cincinnati, Ohio, for John R. Meckstroth.

Christine Chronis, Cincinnati, Ohio, for Barbara Meckstroth.

Michael E. Maundrell, Cincinnati, Ohio, for remaining defendants.

**DECISION RE STAY ALSO DECISION ON MOTION TO REMAND**

BURTON PERLMAN, Bankruptcy Judge.

Chicago Title Insurance Co., plaintiff herein, on August 18, 1982 filed its complaint to modify the stay which arose by reason of the filing of the Chapter 11 petition by Debtor John R. Meckstroth in the associated bankruptcy case identified above. The defendants herein are Meckstroth's wife, business associates John T. Schwierling and Terrance R. Monnie, as well as two business associations of which the debtor is a member.

The complaint alleges that plaintiff filed a suit in the Hamilton County Common Pleas Court, Case No. A–8205752, against the defendants named herein on July 16, 1982. An answer was filed here by defendant Barbara A. Meckstroth. A separate

answer was filed for the following, referred to as "defendants": Schwierling & Monnie Co., John T. Schwierling and Terrance R. Monnie. The record contains no explanation for the fact that the complaint lists Meckstroth, Schwierling and Monnie, Co. L.P.A., and Meckstroth, Schwierling and Monnie as defendants, while the just referred to answer, so far as a partnership or association defendant is concerned, refers to neither of these groups but only to Schwierling and Monnie Co. No issue having been made of this point by the parties, we will assume for present purposes that the complaint has been fully answered.

A preliminary hearing pursuant to 11 U.S.C. § 362(e), combined with a pretrial conference, was held September 28, 1982 in this adversary proceeding.

Meanwhile, on September 8, 1982 debtor filed "Motion For Removal of Civil Actions" by which, pursuant to 28 U.S.C. § 1478, debtor sought removal to this court of the above identified Common Pleas Case No. A–8205752. The Complaint in Common Pleas No. A–8205752 contains a number of claims, but central to them is the allegation that Chicago Title and debtor entered into a contract which was violated by debtor. There also appear to be allegations of fraud and wrongful appropriation of funds in connection with debtor's performance in connection with the contract.

The "Motion For Removal" also was extended by debtor to a second Common Pleas case, *Chicago Title Insurance Co. v. Ryland Mortgage Co. et al.,* Case No. A–8206271. In conformity with requirement of Interim Local Rule 7004, debtor included a copy of the Complaints in the State Court actions. We note therefrom that in Case No. 8206271, the complete caption reads: *Chicago Title Insurance Co. v. The Ryland Mortgage Co. and The Ryland Group, Inc.* Debtor is not a named party in that litigation. The "Motion For Removal" asserts that the two removed Common Pleas cases were consolidated in the Common Pleas Court.

The file contains "Memorandum In Opposition to Motion For Removal for Civil Actions" filed on behalf of Chicago Title Insurance Company, and also "Memorandum of Ryland Mortgage Company In Opposition to Motion For Removal".

We have already referred to preliminary hearing and pretrial conference which was held September 28, 1982. There was noticed for the same time a hearing on the "Motion For Removal".

From all of the foregoing, it will be understood that what has happened is that Chicago Title has sought leave to proceed in the State Court with litigation which it commenced there. Debtor sought to moot the issues presented by any lift of the stay by bringing the state court litigation into this court via removal.

While it is our view that Interim Rule 7004 does not contemplate that removal occur upon motion of a party, but rather automatically upon compliance with that Rule, we stated at the hearing that we would regard that removal had occurred, and that what was being presented to us arose on a motion to remand pursuant to Interim Rule 7004(j), particularly since motions to remand were filed on behalf of Chicago Title in both Common Pleas cases and on behalf of Ryland in Case No. A–82062671. We will thus deal with two issues in this decision. The first is whether the stay should be continued pending final hearing. The second is whether the removed cases should be remanded to the state court.

We are satisfied that the state court litigation in Common Pleas Case No. A–82057552 is within that class of litigation held by the U.S. Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), to be beyond the jurisdiction of the United States Bankruptcy Court as presently constituted. The following is just as true of the issues presented in Common Pleas Case No. A–8205752 as was true of the litigation in the *Northern Pipeline case,* as characterized by Justice Rehnquist at p. ——, 102 S.Ct. at p. 2881:

"From the record before us, the lawsuit in which Marathon was named defendant seeks damages for breach of contract, misrepresentation, and other counts which are the stuff of the traditional actions at common law tried by the courts at Westminster in 1789. There is apparently no federal rule of decision provided for any of the issues in the lawsuit; the claims of Northern arise entirely under state law. No method of adjudication is hinted, other than the traditional common law mode of judge and jury. The lawsuit is before the Bankruptcy Court only because the plaintiff has previously filed a petition for reorganization in that Court."

With this characterization, Justices Rehnquist and O'Connor joined the plurality in *Northern Pipeline* in holding such a lawsuit beyond the jurisdiction of this Court. It is to be noted that the effectiveness of the *Northern Pipeline* decision was suspended by the Supreme Court until October 4, 1982, and upon request, was then extended further to December 24, 1982. The purpose of this suspension is to give the legislature an opportunity to provide a remedy for the problem created by the conferring upon the bankruptcy courts of a jurisdiction which could only be exercised by an Article III court. There is no indication at this time as to what, if any, course the Congress will take in dealing with this question, whether the Bankruptcy Court will become an Article III Court, or whether the jurisdiction of this Court will be restricted. It is possible that even after remedial action is taken by Congress, the subject matter of the state court litigation will still be beyond our jurisdiction. Furthermore, even if the result is otherwise, a significant amount of time must pass before the question is resolved and the new jurisdictional standard is in place.

In view of the foregoing, we hold, first, that cause exists, avoidance of delay, to lift the stay, and there is no reasonable likelihood that those opposing relief from the stay could prevail at final hearing. It follows, secondly, that the civil actions were removed improvidently, and pursuant to Interim Rule 7004(j), should be remanded to the state courts.