## In re REISOR COMPANY, INC.

### Bankruptcy No. 583–01313–S.

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Jan. 24, 1985.

## MEMORANDUM AND ORDER

LeROY SMALLENBERGER, Bankruptcy Judge.

Shreveport Cigar and Tobacco Company, Inc., d/b/a National Bonded Money Orders, hereinafter referred to as Creditor, filed an Application for Order Modifying Automatic Stay, on October 17, 1984. The Creditor had previously filed a proof of claim, on October 26, 1983. On September 14, 1984, the Trustee in this matter, Gene Howard, filed a Notice of Objection to the claim of Shreveport Cigar & Tobacco Company, Inc. The Trustee's Objection and the Creditor's Application were set and scheduled for a hearing on November 5, 1984, at 9:30 a.m. At said hearing, this matter was taken under advisement to determine the merits of the Creditor's Application for Order Modifying Automatic Stay. Said Creditor relies on its memorandum as support for its Application. The Trustee contends that his objection to the creditors claim should be heard first. The creditor has pointed out a test to use when determining whether or not the automatic stay should be modified in order to proceed in a different forum. That test as cited in *In Re Bock Laundry Machine Company*, 37 B.R. 564 (Bkrtcy., N.D. Ohio, 1984) is:

(1) whether there will be any substantial prejudice to the debtor.

(2) the relative hardships which will be suffered by the claimant and the debtor; and

(3) the probability of the claimant's success.

The creditor continues his argument by stating, "The factor of the costs incurred in defending the suit is not a proper basis for denying a modification of the Automatic stay. *In Re Terry,* 12 B.R. 578, (Bkrtcy., E.D. Wisconsin, 1981)" and "The burden imposed upon your applicant is a proper consideration for the Court in determining whether or not to modify the Automatic Stay. *In Re Westwood Broadcasting, Inc.,* 35 B.R. 47, (Bkrtcy., D. of Hawaii, 1983)."

In reviewing the test as exposed by *In Re Bock* and *Matter of McGraw,* 18 B.R. 140 (Bkrtcy. W.D. Wisconsin, 1982), and also *Matter of Holtkamp,* 669 F.2d 505, (7th Cir.1982), the creditor has made one mistake or ommission that is fatal to its Application. The test proposes three prongs that are to be satisfied in order to modify the automatic stay. The third prong requires a showing of a probability of prevailing on the merits of the case.

This Court is of the opinion that the creditor has not sufficiently set forth a cause of action which offers a chance of some recovery. Therefore, the Creditor's Application for Order Modifying Automatic Stay should be dismissed without prejudice and the Trustee's objection to Shreveport Cigar and Tobacco Company's claim be reset for hearing in order to determine whether or not there lies a cause of action against the debtor herein, Reisor Company, Inc., accordingly,

IT IS ORDERED that the Application for Order Modifying Automatic Stay, filed by Shreveport Cigar and Tobacco Company, Inc., be and is hereby dismissed without prejudice.

IT IS FURTHER ORDERED that the Trustee's objection to the claim of Shreveport Cigar and Tobacco Company be reset for hearing at the soonest date possible.