**In re Lester Carpenter LEONARD, Jr., Debtor.**

**Bankruptcy No. 85–00141.**

United States Bankruptcy Court, District of Columbia.

June 14, 1985.

Carl T. Gulliver, Washington, D.C., for debtor.

John Lockie, Karen Wuest, Washington, D.C., for movants Duard and Mary Greathouse.

## MEMORANDUM OF DECISION

GEORGE F. BASON, Jr., Bankruptcy Judge.

Before the Court is the Motion filed by Duard and Mary Greathouse for relief from the automatic stay so as to permit them to proceed with a pending lawsuit in the U.S. District Court for the District of Columbia in which Mr. and Mrs. Greathouse claim very substantial sums of monies from the debtor, and in which it appears that a motion for partial summary judgment may be ripe for a decision. This Court holds that the automatic stay should not be lifted at this time.

Claimants have not shown any need for their claim to be liquidated at this early

period of the Chapter 11 proceeding. Although liquidating the amount of their claim will result in a "fixing" of the amount, it will not, so long as the Chapter 11 case is pending, result in any payment to the Greathouses. The Greathouses are protected by the imposition of the automatic stay from efforts of any other creditors to seize otherwise unencumbered assets of the Debtor-In-Possession, and thus there appears to be no substantial prejudice to the Greathouses as creditors by the imposition and continuation of the automatic stay.

There would, on the other hand, be substantial prejudice to the Debtor if the motion for Relief from Stay were granted at this time. This Chapter 11 case has more than ordinary complexity, and there is a pressing need at the beginning of the case for the Debtor to devote full time and attention to preparing schedules, seeking financing for continued operations, and dealing with creditors. Not only the Debtor himself but also Debtor's legal counsel would have their energies diverted by having to defend a major lawsuit seeking a million dollars of damages. The Debtor would also be prejudiced by having to meet legal expenses, at a time when he is in an extremely cash short position. The Court notes that no other parties are involved in the pending lawsuit, in addition to the Greathouses and the Debtor, nor is this a case where an insurance company will underwrite the expenses of a legal defense.

I have reviewed the cases cited by the moving party. *Bock Laundry Machine Co.*, 37 B.R. 564 (Bankr.N.D.Ohio 1984), is an insurance company case. *In re Meckstroth*, 24 B.R. 399 (Bankr.S.D.Ohio 1982), involved a removal from the State Court to the Bankruptcy Court. The Bankruptcy Court remanded the case to the State Court in which the case had been pending, and did indeed cite the avoidance of delay as one of its reasons. But the Court seems to have had in mind the delay in the wake of the decision in *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, which raised questions as to whether the Bankruptcy Court could handle a State Court action at all.

This delay resulting from questionable jurisdiction has now been resolved by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353. There is no question but that the issue at hand is a core proceeding. 28 U.S.C. § 157(b)(2)(G); see also 28 U.S.C. § 157(b)(2)(B) and (I).

For all of these reasons, I am denying the Motion for Relief from Stay without prejudice to renewing the Motion after the Debtor's exclusive period for filing a plan has expired.

Accordingly, it is, by the United States Bankruptcy Court for the District of Columbia,

Ordered: That the Motion for Relief From Stay filed by Duard and Mary Greathouse be, and it hereby is, denied, without prejudice to renewal after the Debtor's exclusive period for filing a plan has expired.