**In the Matter of Andrew L. NKONGHO, Debtor.**

**Bankruptcy No. 85–05104.**

United States Bankruptcy Court, D. New Jersey.

March 10, 1986.

Hamlet E. Goore, Jr., East Orange, N.J., for debtor.

Orbe, Nugent & Collins by Thomas F. Cermack, Jr., Ridgewood, for Kevin S. Donahue.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The Court considers here the motion of Kevin S. Donahue seeking to vacate the automatic stay of § 362 of Title 11. At the conclusion of the hearing, the Court granted the motion and entered an order to that effect on the same day. The Court files this opinion to briefly memorialize its findings and conclusions of law, pursuant to Federal Rule of Civil Procedure 52.

The facts indicate that the debtor is the subject of a lawsuit instituted by Donahue in the Superior Court of the State of New Jersey. Donahue's action sounds in tort, charging the debtor with the negligent operation of a motor vehicle. The suit has been held in abeyance pending this Court's decision. It is important to note here that the debtor's insurance carrier has already deposited $100,000 (the limit of the debtor's liability coverage) with the Superior Court. It further appears that the matter is ready to proceed in the state court, assuming this Court were to lift the stay.

The debtor's basic assertion is that the continuance of the state court action would be injurious to the debtor and the debtor's estate, contending that the time and expense of defending that action would be detrimental to his resources; further, that the finding of a judgment in excess of the $100,000 already paid into the Superior Court would do irreparable damage to the debtor and the estate.

■ The Court finds both of these assertions to be without merit. "The Court of Appeals for the Third Circuit has declared that litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against a debtor." *Nicholas, Inc. v. N.L.R.B., et al.*, 55 B.R. 212 (Bankr. D.N.J.1985) (DeVito, B.J.) *citing In re Davis*, 691 F.2d 176, 178 (3d Cir.1982).

■ As for the second point, the Court notes that any prognostication on the outcome of the state court action is highly speculative at best. It could very well be that the resolution of the case may result in a judgment equal to or less than the $100,000 already on deposit. This Court will not resort to "crystal ball gazing" and shall permit the action to proceed to judgment in the state court. Should a judgment be returned demanding payment from the assets of the estate, the Court will address that question when it is proper to do so.

The foregoing opinion shall stand as the rationale underlying the oral decision made. The order previously entered shall stand.