In Re WHEELER GROUP,
INC., Debtor.

Morris MAY, Movant,

v.

WHEELER GROUP, INC., Debtor.

Bankruptcy No. 1–85–03577.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 30, 1987.

Morris May, Movant pro se.

Harry B. Plotnik, Cincinnati, Ohio, for debtor.

E. Hanlin Bavely, Cincinnati, Ohio, trustee.

## DECISION AND ORDER ON MOTION TO LIFT AUTOMATIC STAY

BURTON PERLMAN, Bankruptcy Judge.

Movant herein filed an employment discrimination case in the District Court for this district. After the bankruptcy case in which the present motion was made was filed, he removed his suit to this court. We remanded it to the District Court. It appears that all proceedings in the District Court in the case had been stayed by the District Court pursuant to 11 U.S.C. § 362(a)(1). Movant then moved in the District Court for an order to have the § 362 stay lifted. This was denied by the District Judge on grounds that such a motion must be addressed to the Bankruptcy Court in the first instance. We look to § 362(d) for the bases for relief from stay. The statute there provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

We are not here concerned with a stay of an action against property. It is therefore only (d)(1) with which we are here concerned. Again, it is not an interest in property here involved, so that questions of adequate protection are irrelevant, and so we have to decide whether movant has shown "cause" to have the stay lifted within the meaning of that word as found at § 362(d)(1).

We conclude that cause does exist. The liquidation of claims is a necessary step in bringing any bankruptcy case to a conclusion. Movant here deems that he is the holder of a claim against the present debtor. The nature of the claim is one for damages for employment discrimination. Clearly, since the matter has proceeded through very substantial adjudicatory steps in the District Court, there having been a report by a Magistrate, the most expeditious way to liquidate the claim is to allow it to proceed to its conclusion in the District Court.

Accordingly, we order that the automatic stay in § 362 be lifted for the purpose indicated in our foregoing remarks.

So Ordered.