In re Richard G. PETERSON, a/k/a Dick Peterson, Debtor.

Richard G. PETERSON, Debtor/Appellant,

v.

Richard L. CUNDY, M.D., Clifford E. Hamburg, Richard M. Jacoby, M.D., Brian M. McGuire, M.D., Robert · L. Manning and Patricia M. Mitchell, Appellees.

No. 89–K–1910.
Bankruptcy No. 89 B 11295 A.

United States District Court,
D. Colorado.

June 28, 1990.

248

Jay E. Goldstein, Rubner & Kutner, Denver, Colo., for Peterson.

Randall J. Feuerstein, Welborn, Dufford, et al., Denver, Colo., for appellees.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Debtor Richard C. Peterson appeals from a bankruptcy court order granting Richard L. Cundy, M.D. and several other individuals (collectively, Cundy) relief from the automatic stay in bankruptcy to pursue a legal malpractice action against Peterson; who argues that the bankruptcy court erred in applying a two-pronged test for determining whether relief from the stay should be granted, rather than the three-pronged test of *In re Reisor Co., Inc.*, 46 B.R. 290 (Bankr.W.D.La.1985). He also asserts that under the factors relevant to either test, relief from the stay should have been denied. I affirm.[1]

### I. *Facts.*

On August 18, 1989, Peterson filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. At the time, he was a shareholder in the law firm of Anderson, Campbell & Laugesen, P.C. On October 2, 1989, Cundy filed a motion for termination and relief from the automatic stay in bankruptcy, *see* 11 U.S.C. § 362(a), (d), so that he could file an amended complaint naming Peterson as a co-defendant in an action already commenced against the law firm. The trustee for Peterson's estate consented to the motion. Peterson filed an objection.

On October 24, 1989, the bankruptcy court held a hearing on the motion for relief from the stay. During the hearing, Cundy advised the court that he was only seeking to fix the liability, if any, of Peterson in the malpractice action,[2] and that any recovery would be sought from Peterson's malpractice insurance carrier and/or the assets of the law firm (exclusive of Peterson's interest in it). Peterson countered this with a letter from his insurance carrier in which the insurer unequivocally denied coverage for the action and refused to provide counsel or other assistance. Consequently, Peterson argued that he would be forced to pay for the defense of this litigation himself and likely would be required to commence another action against his insurer to litigate the coverage issue, and that this would impair his fresh start.

In his order granting the motion, the bankruptcy judge outlined its reasons for permitting the stay to be lifted. He first noted that case law clearly permitted relief from the stay to permit the liquidation of a claim. He also found that the lifting of the stay would be efficient in several respects. First, the joinder of Peterson in the action would avoid duplicate litigation. He additionally reasoned that

> to separate the Debtor out from this litigation in state court and to make him

---

1. Previously I denied Peterson's Bankr.R. 8005 motion for stay pending appeal in this matter.

2. The substance of this malpractice action is described in Cundy's brief on appeal. It appears that Cundy and others are suing Peterson and his law firm with respect to their services in representing the Merham Company, a Colorado joint venture. The Merham Company was formed to acquire and develop a commercial building complex in Arapahoe County. Cundy and the other plaintiffs were joint venturers in the company. Peterson also participated in the Merham Company as a general partner of another joint venturer, M.D. Associates Partnership, although he did not disclose this participation to the other joint venturers he represented. The Merham Company subsequently failed, and Cundy and other investors lost substantial sums of money.

perhaps proceed in Bankruptcy Court alone without the crutch or the ability to piggyback his efforts on the law firm which is going to be defending on this— either a law firm or an insurance company, might well do him more harm and might well cause more difficulty in the fresh start. At least in this fashion the law firm is going to defend itself and Mr. Peterson will have the benefit of their expertise, resources and defense which will go forward.

See Peterson Brief at 3. The judge then ordered that the stay be modified "to allow the creditors to proceed with the litigation for purposes of fixing the liability, if any, and the amount of liability if there is found to be liability by the Debtors and any one of them." *Id.* Finally, the judge advised Peterson that if he could demonstrate that he was being

> forced to incur substantial and truly handicapping legal expenses in this [matter] so as put at genuine risk his fresh start, then Mr. Peterson can apply to the Court for further protection and modification of the relief from stay so as to try and keep his fresh start in tact and try to limit extraordinary or otherwise unjustified legal fees.

*Id.* at 4. Peterson now appeals this order.

## II. *Merits.*

A. *Standard for Establishing "Cause" under § 362(d)(1).*

Section 362 of the Bankruptcy Code governs the automatic stay in bankruptcy. Under subsection (d) of this section,

> on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1). Unfortunately, the Code does not define the phrase "for cause." *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir.1987). Consequently, courts have stated differently the test to be applied in determining whether relief from the stay for cause is warranted.

The first point of disagreement between the parties is which test is appropriate here. Peterson relies on the three-pronged test of *In re Reisor Co.,* 46 B.R. 290 (Bankr.W.D.La.1985). Under this test, the stay will be modified to permit an action to proceed in a different forum if (1) the debtor will not be prejudiced substantially, (2) the relative hardship suffered by the creditor outweighs that of the debtor, and (3) the creditor has demonstrated a probability of success on the merits of the action. *See id.* at 291; *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 566 (Bankr. N.D.Ohio 1984). The bankruptcy court, however, refused to consider the third prong of the *Reisor* test because it would require the court to "pre-try" the case. *See* R. Vol. II at 6–7. Instead, it followed the test as stated in *Granger v. Harris (In re Harris),* 85 B.R. 858, 860 (Bankr.D.Colo. 1988), which omits the third element of the *Reisor* test. *See* R. Vol. III at 2. Peterson asserts that the court's reasoning was in error.

Peterson's argument on this score has no practical effect on the outcome of this appeal. Even if the bankruptcy court erred in not considering the third prong of the *Reisor* test, all that is required is that the movant make more than a "vague initial showing" that he can establish a prima facie case. *See In re Reice,* 88 B.R. 676, 681 (Bankr.E.D.Pa.1988); *In re Morysville Body Works,* 86 B.R. 51, 55 (Bankr.E.D.Pa. 1988). It is clear from the record that Cundy made at least a prima facie showing that the claim against Peterson was meritorious, since Peterson did not disclose his interest in the M.D. Associates Partnership to other joint venturers.

More importantly, there is good reason not to require a merits analysis under these circumstances. In the majority of cases applying the *Reisor* test (or a variation thereof), the movant has sought relief from the stay to pursue a specific remedy not available under the Bankruptcy Code, or because its security interest is not adequately protected. *See, e.g., In re Reice,* 88 B.R. at 681 (Bankr.E.D.Pa.1988) (lack of adequate protection); *In re Morysville Body Works,* 86 B.R. at 55 (Bankr.E.D.Pa.

1988) (same); *In re Compass Van & Storage Corp.*, 61 B.R. 230, 234 (Bankr.E.D.N.Y.1986) (landlord seeking to commence eviction proceeding); *In re Dennison*, 50 B.R. 950, 955 (Bankr.E.D.Pa.1985) (claimant requesting relief from stay to obtain possession of real property based on title dispute). A merits analysis is perhaps more important in these cases, where the movant is seeking extraordinary relief that permanently affects the debtor or his estate.

In a claims liquidation case, the question is in which forum an action against the debtor should be brought. Normally, there is a stipulation that judgment will not be executed, so the action does not fundamentally affect the debtor or his assets. In addition, one of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources. To require a merits analysis in every case would in large part defeat this objective and frustrate the effort to resolve § 362(d) motions expeditiously. *See* 11 U.S.C. § 362(e). Consequently, the bankruptcy court did not err in applying the two-pronged test of *In re Harris* here.

### B. Application of the Balancing Test.

■ Peterson's next argument is that, even under the *Harris* test, the bankruptcy court erred in finding that he would not be substantially prejudiced by relief from the stay. Whether the stay should be lifted must be determined on a case-by-case basis. *Pursifull v. Eakin*, 814 F.2d at 1506. The court's decision to lift the stay can be set aside only for an abuse of discretion. *Id.* An abuse of discretion occurs when the lower court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. *See United States v. Ortiz*, 804 F.2d 1161, 1164 (10th Cir.1986).

■ Under this standard, Peterson cannot prevail. His primary argument in opposition to Cundy's motion to lift the stay is that his litigation expenses will destroy his ability to have a fresh start. I have found no case that has accepted this argument as the sole basis for denying the motion,[3] and many that have held that the prospect of litigation expenses does not constitute irreparable injury sufficient to justify continuation of the stay or the imposition of a stay pending appeal. *See, e.g., Davis v. Sheldon (In re Davis)*, 691 F.2d 176, 178 (3d Cir.1982) (the cost, anxiety, and inconvenience of defending oneself do not constitute irreparable injury); *In re McGraw*, 18 B.R. 140, 142 (W.D.Wis.1982) (even though debtor had no malpractice insurance, costs of defense insufficient prejudice); *In re Harris*, 85 B.R. at 860 (noting that no court has found that litigation costs alone justify continuation of the stay); *In re Nkongho*, 59 B.R. 85, 86 (Bankr.D.N.J.1986) (rejecting debtor's claim that litigation expenses precluded modification of stay); *In re Nicholas, Inc.*, 55 B.R. 212, 217–18 (Bankr.D.N.J.1985) (same); *Barlow v. Phillips (In re Phillips)*, 40 B.R. 194, 197 (Bankr.D.Colo.1984) (same).

Moreover, other factors outweigh the need for continuance of the stay. At some point in the bankruptcy proceedings, Peterson's liability to Cundy and the other investors must be established. Under the second prong of the balancing test, continuance of the stay forces Cundy to undertake redundant litigation in state and bankruptcy court. In addition, the state court action may be the only way Cundy can establish Peterson's liability for malpractice so as to recover in a later action against Peterson's insurer. *See In re Honosky*, 6 B.R. 667, 669 (Bankr.S.D.W.Va.1980). For Cundy to undertake duplicative litigation is likewise detrimental to the public interest, in that it is a waste of judicial resources.

Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recov-

---

**3.** There have been some cases in which the court has determined that the debtor's attention to the state court litigation coupled with its expense would prejudice his ability to act responsively in a complex bankruptcy case. *See In re Leonard*, 51 B.R. 53, 54 (Bankr.D.D.C.

1985); *GAF Corp. v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 26 B.R. 405, 419 (Bankr.S.D.N.Y.1983). Such circumstances are not present here, as Peterson's bankruptcy case is not complex.

ery will be sought from the debtor's insurer or a codefendant. *See, e.g., May v. Wheeler Group, Inc. (In re Wheeler Group, Inc.),* 75 B.R. 200, 200 (S.D. Ohio 1987) (most expeditious way to liquidate claim was to permit foreign action to proceed to conclusion); *Elegant Concepts, Ltd. v. Kristiansen (In re Elegant Concepts, Ltd.),* 61 B.R. 723, 729 (Bankr.E.D.N.Y.1986); *In re Nkongho,* 59 B.R. at 86 (risk that state judgment may exceed insurance coverage insufficient to justify stay). Here, the bankruptcy court's order was carefully tailored to prevent any judgment from effecting the debtor's resources, and the court left open the possibility that Peterson could seek additional relief if, in fact, the litigation generated unduly burdensome legal fees. *See In re Opelika Mfg. Corp.,* 66 B.R. 444, 453–54 (Bankr.N.D.Ill.1986) (court order lifting stay under carefully tailored conditions).

The bankruptcy court's decision to lift the stay is supported by abundant case law and was not an abuse of discretion. IT IS ORDERED affirmed.