In re James H. **ROBINSON**, Debtor.

**INTERNAL REVENUE SERVICE,** Appellant,

v.

James H. **ROBINSON**, Appellee.

Civ. A. No. 3:93CV817.

United States District Court, E.D. Virginia, Richmond Division.

March 14, 1994.

Nicholas Stephan Altimari, U.S. Attorney's Office, Richmond, VA, Michael J. Martineau, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

Charles H. Krumbein, Richmond, VA, for appellee.

## MEMORANDUM OPINION

SPENCER, District Judge.

This matter is before the Court on Appellant Internal Revenue Service's (the "IRS") appeal of the holding of the United States Bankruptcy Court for the Eastern District of Virginia, as set forth in that court's Memorandum Opinion of November 16, 1993.

Pursuant to Bankruptcy Rule 8012,[1] this Court determines that oral argument is not necessary to resolve this appeal, particularly in light of the fact that neither party has requested a hearing. *See In re Rape,* 104 B.R. 741, 743 (W.D.N.C.1989); *Grundy Nat. Bank v. Shortt,* 80 B.R. 802, 803 (W.D.Va. 1987). Having reviewed all of the pertinent information in this case, including the parties' briefs, the bankruptcy records, and the pertinent case law, the Court will AFFIRM the bankruptcy's court ruling for the reasons that follow.

### I.

The relevant facts in this case, which are not in dispute, are summarized below.

On May 20, 1993, the Debtor, James H. Robinson, filed a Chapter 13 petition with the United States Bankruptcy Court for the

---

1. This rule reads as follows:

Oral argument shall be allowed in all cases unless the district judge or the judges of the bankruptcy appellate panel unanimously determine after examination of the briefs and record, or appendix to the brief, that oral argument is not needed. Any party shall have the opportunity to file a statement setting forth the reasons why oral argument should be allowed.

Eastern District of Virginia pursuant to 11 U.S.C. §§ 101 *et seq.* On June 14, 1993, the Internal Revenue Service timely filed a proof of claim in the amount of $48,813.99, against Debtor Robinson. This claim is an unsecured priority claim which represents a one hundred (100) percent penalty assessed against the Debtor due to the employment tax liabilities of Walton and Associates Mechanical Contractors, Inc. (the "corporation"), for the second and third quarters of 1991. Throughout this time period, Mr. Robinson was vice-president of the corporation.[2] The contested claim was lodged by the IRS pursuant to 26 U.S.C. § 6672.[3]

The Appellant also has assessed the amount of $60,810.72 against William E. Walton, the company's former president, based upon the corporation's tax liabilities. Mr. Walton is a nondebtor. The amount of his assessment is greater, because it includes the second, third and fourth quarters of 1991.

On July 2, 1993, the Debtor filed a Complaint to Determine Dischargeability in bankruptcy court, seeking the discharge of his IRS penalty assessment. The Debtor asserts that William Walton is solely responsible for the corporation's employment tax debt, according to Section 6672. The IRS timely answered the Debtor's complaint, and denied that the Debtor is not a responsible person under the applicable code section. A trial on the matter was scheduled for February 7, 1994.

On September 1, 1993, two months after the Debtor had filed his dischargeability complaint, the IRS filed a Motion to Lift the Automatic Stay. The government argued that the bankruptcy court should lift the stay (imposed pursuant to 11 U.S.C. § 362) so that it could file suit in the United States

District Court for the Eastern District of Virginia, and a determination could be made as to Mr. Robinson's and Mr. Walton's respective liability for the IRS penalty assessments. The IRS maintained that a single trial against both individuals in district court would avoid duplication of effort, serve judicial economy, and avoid piecemeal litigation which could produce in inconsistent results.

The bankruptcy court held a hearing on the government's motion on September 15, 1993. The court found that the government's desire to institute litigation outside of the bankruptcy proceeding was not sufficient cause, under 11 U.S.C. § 362(d)(1), to justify an order lifting the automatic stay.

The bankruptcy court acknowledged that a single trial of the Section 6672 issue would generally be preferable to piecemeal litigation. However, the Debtor had filed his dischargeability complaint two months prior to the government's attempt to institute separate proceedings in the district court.[4] In addition, the court determined that lifting the stay would create additional expense[5] and would impose an excessive burden on the Debtor by requiring him to conduct litigation in two separate forums.

On the other hand, the court found it would not require excessive duplication of efforts if the IRS was ordered to litigate in two different tribunals: in federal district court, against William Walton, and in bankruptcy court, against the Debtor. The court noted that the IRS' strongest argument, the prospect that bifurcated litigation might result in neither party being held liable, was unlikely. In the court's view, this remote possibility did not outweigh the very likely

**2.** Walton and Associates Mechanical Contractors Inc. has filed bankruptcy and no longer exists. *See Memorandum to Support Debtor's Dischargeability for Tax Liabilities* at 2.

**3.** Section 6672(a) reads, in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be

liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

**4.** The trial of the Debtor's Complaint to Determine Dischargeability was scheduled to be heard on February 7, 1994 in the bankruptcy court. This matter has been continued generally pending the outcome of the IRS' appeal to this Court.

**5.** The court noted that this additional expense would prejudice the Debtor's creditors other than the IRS.

harm lifting the stay would impose upon the Debtor and the Debtor's estate.

In November, 1993, the bankruptcy court entered an Order denying the IRS' motion for relief, from which Appellant IRS appeals.

## II.

The Appellant presents the following issue to this Court:

> Whether the Bankruptcy Court erred in denying the Defendant's Motion to Lift the Automatic Stay to permit trial of all persons assessed the 100 percent penalty pursuant to 26 U.S.C., Section 6672 in one proceeding in the district court.

In order to resolve this issue, the Court must apply the appropriate standard of review.

Appellant IRS contends that the standard of review is *de novo*. In contrast, the Debtor argues this Court is required to review the bankruptcy court's decision only for an abuse of discretion. According to Appellee Robinson, a ruling lifting the automatic stay is within the discretion of the bankruptcy court.

11 U.S.C. § 362(d), which addresses when a court should lift the automatic stay, states in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause ...

■ The Bankruptcy Code does not define the term "cause." For this reason, a court must determine when relief from the stay is appropriate on a case by case basis. 2 *Collier on Bankruptcy* § 362.07[1] at 362–68 (15th ed. 1992). In the Fourth Circuit, this determination may be overturned on appeal only for an abuse of discretion. *Robbins v. Robbins*, 964 F.2d 342 (4th Cir.1992), *citing Matter of Boomgarden*, 780 F.2d 657, 660 (7th Cir.1985); *In re Catron*, 158 B.R. 629, 640 (E.D.Va.1993); *Elliott v. Hardison*, 25 B.R. 305, 307–08 (E.D.Va.1982). Therefore, this Court has reviewed to the bankruptcy court's decision not to lift the automatic stay for an abuse of discretion.

■ In deciding whether "cause" has been shown, the bankruptcy court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate. *In re Peterson*, 116 B.R. 247, 249 (D.Colo.1990). Several factors that a bankruptcy court also should weigh are: 1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy case will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the stay is lifted. *Robbins*, 964 F.2d at 344; *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985).

■ In this case, the bankruptcy court analyzed whether to lift the automatic stay under the correct legal standards, and it identified the factors which weighed in favor of leaving the stay in place. First, the issues raised by the IRS involve federal law, not state law, and were scheduled to be heard in the bankruptcy court before the Appellant ever attempted to file parallel proceedings in the United States district court. In addition, leaving the stay in effect will preserve the assets contained in the estate, as the Debtor will not be required to litigate in two separate forums. Although the court found judicial economy would be promoted if the stay were lifted, this factor alone did not outweigh the potential harm lifting the stay posed to Debtor Robinson and the estate.

The bankruptcy court clearly listed the reasons underlying its decision, and the court's decision in this case was sensible. The Appellant's argument that the court's determination not to lift the automatic stay should be overturned is without merit.

## III.

For the aforementioned reasons, the bankruptcy court's decision not to lift the automatic stay is hereby AFFIRMED.

An appropriate Order shall issue.

And it is SO ORDERED.