**In re PAXSON ELECTRIC COMPANY, Debtor.**

**Bankruptcy No. 98–05750–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 3, 1999.

John W. Caven, Jr., Charles B. Bennett, Jr., Jacksonville, FL, for Foley & Lardner.

Norman L. Hull, Norman Linder Hull, P.A., Orlando, FL, for Donald E. Lee.

James H. Post, Tonya Janney, Jacksonville, FL, for First Union Smith, Hulsey & Busey.

Alexander Smith, Jacksonville, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on an Amended Motion to Lift Automatic Stay filed by Donald E. Lee ("Lee") on June 15, 1999. (Doc. 29.) An evidentiary hearing was conducted on August 18, 1999. At the conclusion of that hearing, the Court took the matter under advisement. Upon review of the evidence presented and the argument of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

In 1993, Lee filed a complaint against Wesley C. Paxson, Sr. and Paxson Electric Company ("Debtor") in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida. Debtor was in the electrical contracting business until 1993 when Debtor ceased doing business. Lee, a former employee of Debtor, alleged that he resigned his position with Debtor on April 13, 1981. Lee further alleged that Mr. Paxson, president and sole shareholder of Debtor, contacted Lee about returning to work with Debtor and that on April 22, 1981 Debtor and Lee agreed to certain employment terms, which included that Lee would receive a percentage of the profits from projects that Lee worked on.

Lee's complaint alleged fraud and breach of contract. Lee later filed a First Amended Complaint for Damages for Breach of Contract and Fraud that added a count of fraud against Mr. Paxson. On November 9, 1993, the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida entered an Order Granting Motion to Dismiss First Amended Complaint. This order dismissed allegations of fraud and directed that Mr. Paxson and Debtor answer to the allegations of breach of contract. The Fifth District Court of Appeal affirmed this order.

On August 24, 1995 an Order Bifurcating Trial and Staying Certain Discovery was entered. This order provides for two stages of trial. The first stage (jury trial) would resolve the issue as to Lee's rights, if any, to the relief sought. The second stage (another jury trial), if necessary, would address accounting and damages.

On March 5, 1997 the Circuit Court in Orange County, Florida entered Summary Judgment against Plaintiff Donald E. Lee. The Court stated that:

1. There are no genuine issues as to any material fact and Defendant, Paxson Electric Company, is entitled to Summary Final Judgment as a matter of law. Plaintiff's claim for enforcement of an oral employment agreement, as asserted against Paxson Electric Company in Count I of the Amended Complaint, the only claim remaining in this action, is barred by the statute of frauds, § 725.01, Florida Statutes.

2. Summary Final Judgment is entered in favor of Defendant, Paxson Electric Company and against Plaintiff, Donald E. Lee, who shall recover nothing from Defendant in this action, and Defendant shall go hence without delay.

On August 22, 1997 Lee filed a Second Amended Complaint against Debtor that contained allegations of breach of contract, quantum meruit, and unjust enrichment. On September 19, 1997 Debtor filed Defendant's Answer to the Second Amended Complaint denying all material allegations of the Second Amended Complaint and asserting various affirmative defenses. On October 4, 1997 Lee filed Plaintiff's Reply

to Defendant's Affirmative Defenses, denying each defense.

On January 22, 1998 Debtor filed a motion for judgment on the pleadings concerning the breach of contract claims. Debtor claims that the relief requested is barred by the Statute of Frauds and that the previous summary judgment included the breach of contract claim. On January 29, 1998 Plaintiff filed a response to this motion claiming that Lee's full performance of the contract removes it from the full effect of the Statute of Frauds. Despite Lee's failure to address whether the previous summary judgment addressed this claim in his response, the Circuit Court entered an Order Denying Defendant's Motion for Judgment on the Pleadings as to Count I on April 21, 1998. The case was set for a two-day jury trial beginning on July 27, 1998 with a pretrial conference to occur on July 20, 1998.

On July 17, 1998 Debtor filed a voluntary petition for Chapter 7 bankruptcy relief. (Doc. 1.) Debtor's filing operated as a stay against further state court proceedings with Lee pursuant to Section 362 of the Bankruptcy Code. On November 23, 1998, Lee filed a proof of claim for $1,963,220.00, an amount including interest that is based on Lee's claims in the state court litigation. First Union National Bank also filed a proof of claim for $150,510.96 based on money loaned to Debtor. First Union's claim is nonpriority and unsecured.

On February 22, 1999 Debtor filed an objection to Lee's claim. (Doc. 14.) On March 19, 1999 Lee filed a response to Debtor's objection. (Doc. 15.) On March 26, 1999 Lee filed a Motion to Lift Automatic Stay for the purposes of completing the state court litigation with Debtor and liquidating Lee's claim in this bankruptcy case.[1] (Doc. 17.) At a hearing on May 26, 1999 the Court continued ruling on Debtor's objection until after the Court ruled on Lee's motion for relief from stay. (Doc.

28.) On June 15, 1999 Lee filed an Amended Motion to Lift Automatic Stay. (Doc. 29.) On June 21, 1999 Debtor filed a Motion for Summary Judgment on Objection to Claim of Donald E. Lee (Claim No. 3). (Doc. 31.) Lee filed a response to the motion for summary judgment on July 8, 1999. (Doc. 36.)

A final hearing was held on Lee's motion for relief from the automatic stay on August 18, 1999. Rodney L. Russell, an attorney for Lee in the state court litigation, testified concerning the state court litigation. Mr. Paxson testified about Debtor's business and stated that Debtor filed for bankruptcy protection because there was no money to defend the state court lawsuit with Lee.

Lee claims that "cause" exists under Section 362(d)(1) of the Bankruptcy Code to lift the automatic stay and allow completion of the litigation to occur in state court. Lee bases his argument on claims that judicial economy supports the "cause" and that the dispute between Lee and Debtor depends solely upon state law, and not upon bankruptcy law. Lee claims the state court litigation could be set for trial within four months and that Debtor's only reason for filing was to hinder and delay this litigation. Both Debtor and Alexander G. Smith, Chapter 7 Trustee, argue that cause does not exist to lift the stay and seek resolution of this matter in the bankruptcy court. Additionally, counsel for First Union appeared and requested that Lee's motion be denied.

### CONCLUSIONS OF LAW

Section 362 of the Bankruptcy Code, addressing when a court should lift the automatic stay, provides in pertinent part that:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided un-

---

1. The Court entered an Order Abating Motion for Relief from Stay on March 23, 1999 for Lee's failure to serve the motion in accordance with Federal Rule of Bankruptcy Procedure 7004 as required by Federal Rule of Bankruptcy Procedure 9014.

der subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—

(1) for cause, . . .

11 U.S.C. § 362(d) (West 1999). The Bankruptcy Code does not define the term "cause", therefore, courts must determine when relief from stay is appropriate on a case by case basis. *I.R.S. v. Robinson (In re Robinson),* 169 B.R. 356, 359 (E.D.Va. 1994); *In re Cummings,* 221 B.R. 814, 818 (Bankr.N.D.Ala.1998); *Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.),* 181 B.R. 569, 572–74 (Bankr.N.D.Ala.1994) (extensive analysis of whether "cause" exists for granting relief from the stay). In making a determination of whether "cause" has been shown, a court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate. 169 B.R. at 359 (citing *In re Peterson,* 116 B.R. 247, 249 (D.Colo.1990)).

Legislative history sheds some light on what Congress intended "cause" to mean.

[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. . . .

A desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally proceedings in which the debtor is a fiduciary, or involving post-petition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297.

■ The issue is whether Lee established that "cause" exists to lift the automatic stay and allow completion of the litigation to occur in state court. If "cause" does not exist this Court will resolve the issues through Debtor's pending motion for summary judgment (Doc. 31.) or an evidentiary hearing on Debtor's objection to Lee's claim.

■ The moving party must first establish a prima facie showing of "cause" in order for relief from the stay to be granted. *See In re Cummings,* 221 B.R. at 819. The burden then shifts to the party opposing lifting the stay to show that if the stay were lifted there would be substantial prejudice to the debtor, the estate, or to other creditors.

Lee went to great detail in presenting the procedural history of the underlying dispute and argued that the dispute was based solely on state law. The history and basis of issues in this case are not in dispute. Unless a settlement is reached or the case is disposed on summary judgment, evidence must be presented in some forum and the matter then resolved based on applicable law. Lee's evidence does not indicate that the state court is any more ready than this Court to receive evidence and to adjudicate the issues presented. Even if Lee was successful in showing that the state court was better prepared to handle this dispute, the other interested parties support resolution of the dispute in bankruptcy court.

Should Lee be allowed to proceed in state court, this Court is likely to have to review the state court's findings to handle subsequent objections to Lee's potential claim. This brings the Court to judicial economy considerations. While state court resolution, just as bankruptcy court resolution, will fix the liability of Debtor and liquidate Lee's claim, this Court may still have issues to address concerning such a claim. Weighing a review of state court resolution versus this Court's own resolution in terms of dealing with subsequent matters in this case balance in favor of the stay not being lifted.

The Court notes the bifurcation of the trial in the state court. This Court can adjudicate liability, if any, and damages, if necessary, in one setting without two trials and two juries. Additionally, just because the claim is liquidated by the state court does not mean that the state court litigation is over, Debtor or Lee may decide to appeal an unfavorable ruling, which may interfere with the progress of this bankruptcy case. For these reasons and this Court's belief that it can resolve this matter as fast, if not faster, as the state court, judicial economy is best served by having the dispute resolved by this Court.

Other factors surrounding this bankruptcy case support not lifting the automatic stay. Lee's argument that because the dispute is based solely on state law and, therefore, should be resolved by a state court is without merit. As Debtor pointed out, this Court frequently resolves issues solely based on state law. Additionally, Lee presented little evidence concerning the costs of resolution in state court versus federal bankruptcy court and the likelihood of Lee's success on the merits. Debtor, the Chapter 7 Trustee, and First Union favor resolution in bankruptcy court and the Trustee stated that it would create a burden for him to have to defend the suit in state court. Debtor also claimed to lack assets for a proper defense.[2]

---

2. While not at issue and of little concern to this case, the Court questions the underlying

*CONCLUSION*

The Court finds that the totality of the circumstances do not support lifting the stay to allow Lee to liquidate his claim in state court. The underlying dispute is directly tied to the bankruptcy case and lifting the stay will interfere with the pending bankruptcy case. Lee fails to set forth prima facie evidence of "cause". However, even if "cause" existed, allowing state court resolution of the underlying dispute would substantially prejudice the debtor and other interested parties.

A separate order will be entered in accordance with these findings of fact and conclusions of law.

motive of this bankruptcy action and the value of assets that are available for liquidation.